ALESHIRE & WYNDER, LLP
SUNNY K. SOLTANI, State Bar No. 209774
  ssoltani@awattorneys.com
JUNE S. AILIN, State Bar 109498
  jailin@awattorneys.com
STEPHEN R. ONSTOT, State Bar No. 139319
  sonstot@awattorneys.com
JEFF M. MALAWY, State Bar No. 252428
  jmalawy@awattorneys.com
MARGARET W. ROSE, State Bar No. 298965
  mrose@awattorneys.com
LARA R. LEITNER, State Bar No, 303162
  lleitner@awattorneys.com
18881 Von Karman Avenue, Suite 1700
Irvine, California 92612
Telephone: (949) 223.1170
Facsimile: (949) 223.1180

Attorneys for Defendants
CITY OF CARSON and CITY OF
CARSON MOBILEHOME PARK
RENTAL REVIEW BOARD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| COLONY COVE PROPERTIES, LLC a Delaware limited liability company,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF CARSON, a municipal corporation; CITY OF CARSON MOBILEHOME PARK RENTAL REVIEW BOARD, a public administrative body; and DOES 1 to 10, inclusive,<br><br>   Defendants. | Case No. CV14-03242 PSG (PJWx)<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF POLITICAL PRESSURE FROM ELECTED CITY OFFICIALS ON RENTAL REVIEW BOARD MEMBERS AND CITY STAFF**<br><br>[Filed concurrently with: Declaration of June Ailin; Proposed Order]<br><br>Date: April 5, 2016<br>Time: 9 a.m.<br>Crtrm: 880, Roybal<br><br>Trial Date: April 5, 2016 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 5, 2016, at 9 a.m., or as soon thereafter as counsel may be heard in courtroom 880 of the Edward R. Roybal United States Courthouse, located at 255 E. Temple St., Los Angeles, California 90012, Defendants City of Carson ("City") and City of Carson Mobilehome Park Rental Review Board ("Board") will move the Court to exclude evidence of any political pressure from elected City officials on Board members and City staff.

This motion is made pursuant to Federal Rule of Evidence 401 and 403 and is necessary to exclude irrelevant evidence or, in the alternative, to avoid the danger of unfair prejudice, confusion of the issues, and misleading the jury.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 16 and 17, 2016.

This motion is based upon this notice, the attached Memorandum of Points and Authorities, the pleadings, records and files in this action, and any oral and documentary evidence as may be presented at the hearing on this motion.

DATED: February 22, 2016      ALESHIRE & WYNDER, LLP


By:      /S/ Jeff M. Malawy
         JEFF M. MALAWY
         Attorneys for Defendants CITY OF
         CARSON and CITY OF CARSON
         MOBILEHOME PARK RENTAL
         REVIEW BOARD

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................. 1

III. ARGUMENT ....................................................................................................... 3

    A. FRE 401 – Relevance ............................................................................... 4

    B. FRE 403 – Exclusion of Relevant Evidence ............................................ 5

IV. CONCLUSION .................................................................................................... 6

# TABLE OF ATHORITIES

Page

**RULES**

Federal Rule of Evidence 401 and 403 .................................................................... 1, 4, 5

01007.0504/286277.3 -ii- Case No. CV14-03242 PSG (PJWx)

MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF POLITICAL PRESSURE FROM ELECTED CITY OFFICIALS ON RENTAL REVIEW BOARD MEMBERS AND CITY STAFF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants seek to exclude any and all questions concerning, reference to, or evidence ("evidence") of political pressure exerted by elected City officials on Board members and City staff. Such evidence either lacks relevance or has very limited probative value which is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

## II. FACTUAL BACKGROUND

This case revolves around decisions made by the Board concerning Plaintiff's applications for rent increases in the rent-controlled mobilehome park owned by Plaintiff. Plaintiff submitted applications for rent increases on or about September 28, 2007 ("Year 1") and on or about September 28, 2008 ("Year 2"). (Plaintiff's First Amended Complaint, hereafter "FAC," ¶¶ 23, 31.)

On January 15, 2016, Plaintiff deposed Ken Freschauf. Mr. Freschauf worked for the City from 1985 until the end of 2014. (Declaration of June S. Ailin in Support of Motion in Limine No. 1, Exhibit 1, hereafter "Depo," 26:20-27:3.) Mr. Freschauf began working on rent control matters in 1990, and considered himself to be the person most knowledgeable about rent control matters during his tenure with the City. (Depo. 27:18-28:2, 28:13-18.) Mr. Freschauf did not sit on the Board, but was responsible for providing trainings for the Board, answering Board members' questions before Board hearings, and providing detailed reports on rent increase applications to the Board, including recommendations for action by the Board. (Depo. 28:19-29:10.) He testified that during the "2005 to 2007 time period" he conducted "99 percent of the evaluation of rent control applications." (Depo. 85:21-86:6.) He further testified that he drafted the staff recommendations to the Board for Plaintiff's rent increase applications, with the exception of the "MNOI reports." (Depo. 90:11-15.)

During the deposition, Plaintiff's counsel questioned Mr. Freschauf several times and in multiple ways regarding whether elected City officials had pressured him or the

1  Board to recommend or reach specific conclusions in their considerations of rent
2  increase applications. (Depo. 248:13-251:12; 252:24-258:8; 259:2-260:5; 262:13-17.)
3  Although Mr. Freschauf conceded that elected officials had exerted some political
4  pressure in recent years (Depo. 261:5-13; 266:2-12; 271:12-272:9; 281:10-282:5), he
5  consistently testified under oath that City officials did not exert pressure on him or the
6  Board regarding rent increase applications during the time when Plaintiff's Year 1 and
7  Year 2 applications were under consideration, or if they did, he resisted that pressure:

> Q: So when you were employed at the City of Carson, your judgement and recommendations were never influenced by elected officials?
>
> ...
>
> THE WITNESS: That's correct.
>
> Q. But you felt pressured by them at times?
>
> ...
>
> THE WITNESS: Yes.
>
> ...
>
> Q. And you resisted the pressure?
>
> A. Yes
>
> (Depo. 36:19-37:11.)
>
> Q: ... Was Mayor Dear controlling and hands-on in connection with the consideration of my client's rent applications in Year 1 or Year 2?
>
> A: First, I'm not sure he was mayor during all that time. But the answer in any case is no. ...
>
> ...
>
> Q: Okay. So your testimony is Mayor Jim Dear never once tried to influence the staff in connection with my client's rent review applications?

1     A: Back at that time, I never had a comment from him about applications.
2     Q: What about staff reports on my client's rent review applications?
3     A: No, no comments from him.
4     Q: Was Mr. Dear influencing or trying to influence Rent Review Board
5     members in connection with my client's Rent Review Board applications?
6     MS. AILIN: Vague as to time.
7     MR. CLOSE: In the time period covered in this litigation. Time period
8     we have been talking about all day.
9     THE WITNESS: I'd say no. The issues that we're talking about here [in
10     Exhibit 62] are much more recent. (Depo. 264:20-266:12.)

12 In short, there is no evidence in this deposition, or any other evidence discovered in this
13 case, that Mr. Freschauf or the Board were subjected to or succumbed to any political
14 pressure by elected officials regarding the disposition of Plaintiff's rent increase
15 applications during the time frame relevant to this litigation. Instead, there is positive
16 evidence that no such pressure was exerted during the relevant time period, and that Mr.
17 Freschauf's decisions and recommendations concerning the disposition of Plaintiff's
18 applications were not influenced in any way by political pressure.

19 **III. ARGUMENT**

20     On the basis of Plaintiff's counsel's questions in Mr. Freschauf's deposition,
21 Defendants believe it likely that Plaintiff will attempt to introduce at trial evidence of
22 political pressure exerted by elected City officials on Board members and City staff.
23 Such evidence should be excluded since it is irrelevant given Mr. Freschauf's testimony
24 that neither he nor the Board were subjected to or succumbed to any political pressure
25 by elected officials regarding the disposition of Plaintiff's rent increase applications
26 during the time frame relevant to this litigation. If this Court finds that such evidence is
27 relevant, then such evidence should be excluded on the grounds that its probative value
28 substantially outweighed by a danger of unfair prejudice, confusing the issues, and

1 misleading the jury.

## A. FRE 401 – Relevance

"Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) that fact is of consequence in determining the action." (FRE 401.)

In order to be even potentially relevant, evidence showing that elected City officials exerted political pressure on Mr. Freschauf and members of the Board would have to show (i) the pressure was exerted during the window of time that Mr. Freschauf and the Board were reviewing Plaintiff's rent increase applications for Year 1 and Year 2; and (ii) Mr. Freschauf or the Board succumbed to this pressure. Plaintiff cannot make either of these showings and consequently any such evidence is irrelevant.

As quoted above, Mr. Freschauf has sworn under oath that his "judgement and recommendations were never influenced by elected officials." (Depo. 36:19-37:1.) He further stated under oath that, during the relevant time, Mayor Jim Dear never made comments to him about the rent increase applications or Mr. Freschauf's staff reports, and never tried to influence the Board members concerning rent review. (Depo. 264:20-266:12.) To the extent that any political pressure was exerted upon Mr. Freschauf or the Board, Mr. Freschauf testifies consistently that such actions did not take place during the relevant time period. (Depo. 261:6-13; 266:2-12; 271:12-21; 281:20-282:5.)

Any evidence of political pressure occurring *after* the relevant period will be irrelevant since it could not have influenced any action of Mr. Freschauf or the Board at issue in this case. Any evidence of political pressure during the relevant period, if any such evidence exists, would also be irrelevant because Mr. Freschauf, who conducted "99 percent of the evaluation of rent control applications," has testified that his "judgement and recommendations were never influenced by elected officials." Consequently, all such evidence should be excluded.

/ / /

/ / /

### B. FRE 403 – Exclusion of Relevant Evidence

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (FRE 403.)

If the Court finds that evidence of political pressure does have relevance, the evidence should still be excluded on the grounds that its probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, and misleading the jury.

As stated in Section A, the relevance, if any, of evidence of political pressure occurring after the relevant time period will be exceedingly small, as causation does not move backward in time. Moreover, evidence of political pressure during the relevant period, if such exists, will also have little, if any, probative value, since this case is not about the motives of individual board members when they made determinations about Plaintiff's applications, but rather about whether the Board's actions constituted a taking. This claim, by Plaintiff's own account in its First Amended Complaint ("FAC"), raises such issues as: possible economically beneficial uses of the land (FAC ¶ 63), whether or not the City interfered with Plaintiff's legitimate, investment-backed expectations (FAC ¶ 64); whether the City and Board improperly imposed a new condition on rent increases (FAC ¶ 65); whether the City and Board can demonstrate a sufficient nexus between their actions and the justification for their actions (FAC ¶ 66); and whether the actions of the City and Board met a proportionality requirement (FAC ¶ 67). These issues concern objective standards that are fundamentally unrelated to the subjective intent of any City employee or Board member. Consequently, evidence of political pressure has very little, if any, probative value.

On the other hand, evidence of political pressure would create a substantial danger of unfair prejudice, confusing the issues, and misleading the jury. The mere mention of political pressure or influence raises the suspicions of any listener and taints

the image of all who were allegedly caught in the web of a larger political agenda. The suggestion that political pressure was part of the causal chain leading to an eventual outcome may be enough to decisively and irrationally prejudice a factfinder against the legitimacy of that outcome.

Moreover, there is a possibility that the issues could be confused by the presentation of evidence about political pressure. Such evidence might side-track jurors, causing them to think, mistakenly, that this case is about the character and actions of certain City officials, when, in fact, the case is really about the legal and factual questions listed above.

Finally, given that, according to Mr. Freschauf's deposition, there was some political pressure at a point in time *after* the relevant period, but not *before* or *during* the relevant period, evidence of political pressure might confuse or mislead the jury into thinking that political pressure existed during time periods when it actually did not. Indeed this point had to be clarified in Mr. Freschauf's deposition when it became unclear exactly what time period Plaintiff's counsel was inquiring about when he asked about the existence of political pressure. (Depo. 264:6-14, 266:2-12.) Since jury members may not be inclined to give proper weight to such temporal distinctions, it is possible that they could be misled into believing that political pressure had existed during times when it actually had not.

In sum, the extremely low probative value of the evidence in question, if any such value exists, is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury, and such evidence should therefore be excluded.

## IV. CONCLUSION

Based on the foregoing facts, authorities and argument, Defendants respectfully request that evidence regarding political pressure from elected City officials on Board members and City staff be excluded.

///

Case 2:14-cv-03242-PSG-PJW   Document 59   Filed 02/22/16   Page 11 of 13   Page ID #:1022

DATED: February 22, 2016        ALESHIRE & WYNDER, LLP

By:    /S/ Jeff M. Malawy
       JEFF M. MALAWY
       Attorneys for Defendants CITY OF CARSON and CITY OF CARSON MOBILEHOME PARK RENTAL REVIEW BOARD



01007.0504/286277.3                -7-                Case No. CV14-03242 PSG (PJWx)
MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF POLITICAL PRESSURE FROM ELECTED CITY OFFICIALS ON RENTAL REVIEW BOARD MEMBERS AND CITY STAFF

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18881 Von Karman Avenue, Suite 1700, Irvine, CA 92612.

On February 22, 2016, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF POLITICAL PRESSURE FROM ELECTED CITY OFFICIALS ON RENTAL REVIEW BOARD MEMBERS AND CITY STAFF** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 22, 2016, at Irvine, California.

/s/ Janie J Adams
Janie J Adams

**SERVICE LIST**
**Colony Cove Properties, LLC v. City of Carson, et al.**
**Case No. CV14-03242 PSG**

| | |
|---|---|
| Richard H. Close, Esq.<br>Thomas W. Casparian, Esq.<br>Yen N. Hope Esq.<br>GILCHRIST & RUTTER<br>1299 Ocean Avenue, Suite 900<br>Santa Monica, CA 90401<br>Tel: (310) 393-4000<br>Fax: (310) 394-4700<br>rclose@gilchristrutter.com<br>tcasparian@gilchristrutter.com<br>yhope@gilchristrutter.com | ***Attorneys for Plaintiff***<br><br>*Colony Cove Properties, LLC* |
| Dimitri D Portnoi, Esq.<br>Matthew W. Close, Esq.<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>Tel: (213)-430-6000<br>Fax: (213)-430-6407<br>dportnoi@omm.com<br>mclose@omm.com | ***Attorneys for Plaintiff***<br><br>*Colony Cove Properties, LLC* |