RICHARD H. CLOSE (Bar No. 50298)
rclose@gilchristrutter.com
THOMAS W. CASPARIAN (Bar No. 169763)
tcasparian@gilchristrutter.com
YEN N. HOPE (Bar No. 233880)
yhope@gilchristrutter.com
GILCHRIST & RUTTER
Professional Corporation
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401-1000
Telephone: (310) 393-4000
Facsimile: (310) 394-4700

MATTHEW W. CLOSE (Bar No. 188570)
mclose@omm.com
DIMITRI D. PORTNOI (Bar No. 282871)
dportnoi@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Plaintiff Colony Cove
Properties, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLONY COVE PROPERTIES, LLC, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF CARSON, a municipal corporation; CITY OF CARSON MOBILEHOME PARK RENTAL REVIEW BOARD, a public administrative body; and DOES 1 to 10, inclusive,<br><br>  Defendants. | Case No. CV 14-03242 PSG (PJWx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING THE CITY'S RATIONALE FOR ADOPTING RESOLUTIONS NOS. 06-149, 2008-256, AND 2009-269; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing: April 5, 2016 at 9:00 a.m.<br>Courtroom: 880<br>Judge: Hon. Philip S. Gutierrez<br>Trial Date: April 5, 2016 |

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 5, 2016 at 9:00 a.m., Plaintiff Colony Cove Properties, LLC ("Colony Cove") will and hereby does move for the exclusion of evidence on the basis of Federal Rules of Evidence 401, 402, and 403. Colony Cove believes in good faith that Defendants City of Carson ("Carson") and City of Carson Mobilehome Park Rental Review Board (the "Board," collectively with Carson, the "City") may offer into evidence during trial, set to begin on April 5, 2016, arguments and evidence regarding the City's rationale or purpose for adopting Resolutions Nos. 06-149 (changing the rent-control guidelines), 2008-256 (disposing of Colony Cove's first rent application), and 2009-269 (disposing of Colony Cove's second rent application), except for evidence set forth in the City's written record, i.e., staff reports and resolutions. Colony Cove has this concern because after meeting and conferring with the City regarding this potential motion, the City has not told Colony Cove that it will not offer these arguments or evidence at trial.

This Motion is made on the grounds that the City prohibited a key witness, the former City employee responsible for making 99% of the staff recommendations on rent-control applications, from responding to deposition questions designed to elicit information regarding and related to the City's rationale and purpose for adopting Resolutions Nos. 06-149, 2008-256, and 2009-269. The City's counsel asserted that such information is protected by, among other things, the deliberative-process privilege. The City instructed its witness not to answer more than thirty questions related to these topics. The City has also failed to produce its former Mayor Jim Dear for deposition, despite the fact that Mr. Dear remains a City employee under the City's control and Colony Cove served a deposition subpoena more than two months ago before the discovery cut-off.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Matthew W. Close and the exhibits attached

thereto, the files in this action, and such additional submissions and argument as may be presented at or before the hearing on this Motion.

     This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on February 9, 2016.

Dated: February 22, 2016         Respectfully submitted,

                                      GILCHRIST & RUTTER
Professional Corporation

                                      & 

O'MELVENY & MYERS LLP

By:   /s/ Matthew W. Close
        Matthew W. Close

Attorneys for Plaintiff
Colony Cove Properties, LLC

PLAINTIFF'S MOT. IN LIMINE NO. 2
CV 14-03242 PSG (PJWx)

## I. INTRODUCTION

Plaintiff Colony Cove Properties, LLC ("Colony Cove") hereby submits this motion *in limine* to preclude Defendants City of Carson ("Carson") and City of Carson Mobilehome Park Rental Review Board (the "Board," collectively with Carson, the "City") from introducing evidence or arguments regarding the City's rationale or purpose for adopting Resolutions Nos. 06-149 (changing the rent-control guidelines), 2008-256 (disposing of Colony Cove's first rent application), and 2009-269 (disposing of Colony Cove's second rent application), except as set forth in the written record, i.e., staff reports and resolutions.

As part of the meet-and-confer process in advance of filing this Motion, the City declined to confirm that it would not present evidence and argument at trial regarding its rationale and motive for amending the rent-control rules in 2006 and/or for its decisions with respect to the rent-increase applications submitted by Colony Cove in 2007 and 2008, municipal actions that are the subject of this litigation. Throughout this case,[1] the City has invoked the deliberative-process privilege and, among other things, prohibited a key witness from responding to any deposition questions regarding the City's rationale for, or motives behind, these decisions. Furthermore, the City has failed to produce its former Mayor, Jim Dear, for deposition, despite the fact that Mr. Dear remains a City employee and Colony Cove served the City with former Mayor Dear's deposition subpoena more than two months ago before the discovery cut-off.[2] Accordingly, any evidence and argument

---

[1] In addition to the instances discussed herein, the City invoked the deliberative-process privilege repeatedly throughout its Responses to Plaintiff Colony Cove Properties, LLC's Request for Production of Documents and in its privilege log attached thereto. (*See* Declaration of Matthew W. Close in Support of Plaintiff's Motions *in Limine* 1–8, Ex. 2.)

[2] Colony Cove will be seeking an adverse inference instruction based on the City's failure to produce Mr. Dear for deposition. One of the City's key witnesses in this case has testified that Mr. Dear influenced rent decisions and intimidated rent

related to the City's rationale and motive for adopting Resolutions Nos. 06-149, 2008-256, and 2009-269, except as set forth in the written record, should be precluded.

## II. RELEVANT BACKGROUND

In April 2006, Colony Cove purchased Colony Cove Mobile Estates ("the Park") for more than $23 million. At the time, Carson's rent-control rules provided for the consideration of debt service (i.e., interest payments on a mortgage) when park owners applied for rent increases. In fact, in 2003, a Los Angeles Superior Court judge had ordered Carson to consider another park owner's debt service when setting rents because that had been the established practice in the City and was specifically provided for in the City's rent-control regulations ("Order"). Although the City did not appeal that Order (which was indisputably known to and relied on by Colony Cove when it purchased the Park), a few months after Colony Cove's purchase, the City changed its rent-control rules to provide new grounds to ignore debt service payments when setting rents. The City subsequently disallowed and ignored Colony Cove's debt service when it disposed of the two rent applications giving rise to this case. In August 2008 and again in July 2009, the City ultimately approved small rent increases that it knew would not allow sufficient income for Colony Cove to pay interest on its mortgage and operate and maintain the Park. As a result, Colony Cove was forced to operate at approximately $2,000,000 in losses during the two years at issue in this case. This result was completely unwarranted and unforeseeable since a $200 per month, per space rent increase would have (i) allowed Colony Cove to cover its debt service payments to its lender General Electric Capital Corporation ("GE") and (ii) resulted in rents that were both 20–25% below market levels and comparable to rents charged in other rent-controlled parks

---

control board members although the witness denies that he was improperly influenced on the two applications in this case.

in Carson.

The question at issue in this litigation is whether the City committed an unconstitutional taking when it abruptly changed its rent-control rules, through the adoption of Resolution No. 06-149, immediately after Colony Cove purchased the Park. In response to the rent-increase applications Colony Cove submitted on or around September 28, 2007 ("Year 1 Applications") and September 28, 2008 ("Year 2 Applications"), the City adopted Resolutions Nos. 2008-256 and 2009-269, respectively. These resolutions disregarded Colony Cove's debt service and approved rent increases the City knew would not allow Colony Cove to maintain the Park unless Colony Cove came up with new and additional money.

During the deposition of a key witness, the former City employee responsible for making 99% of the staff recommendations on rent-control applications (*see* Ex. 5 at 88:17–22),[3] counsel for the City repeatedly invoked the deliberative-process privilege, among others, to prevent the deponent from responding to any questions regarding the City's rationale for adopting Resolution No. 06-149 and changing its rent-control rules immediately after Colony Cove purchased the Park (*id.* at 182:21–185:5, 279:24–280:7). Likewise, the City Attorney invoked the deliberative-process privilege to prevent the deponent from disclosing any information, except as set forth in the written record, regarding the rationale behind the City's decisions on Colony Cove's Year 1 Applications and Year 2 Applications, as set forth in Resolutions Nos. 2008-256 and 2009-269. (*Id.* at 70:7–13, 86:7–90:9, 201:11–16.) The witness followed the instructions from the City Attorney and refused to provide any discovery on these matters.

Furthermore, the City has stymied Colony Cove's efforts to uncover the City's rationale and motive for the decisions at issue by failing to produce former

---

[3] All exhibits are attached to the Declaration of Matthew W. Close in Support of Plaintiff's Motions in Limine Nos. 1–8.

Mayor Jim Dear for deposition, despite the fact that he has been a City employee, his deposition was properly noticed, and the City's counsel agreed to produce Mr. Dear. It was not until January that the City's counsel pulled the agreed-upon date and disclaimed any ability to cause Mr. Dear (a City employee) to appear for deposition. (Close Decl. ¶ 4, Ex. 3.)

### III. THE CITY SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OR ARGUMENT REGARDING THE BOARD'S RATIONALE FOR ADOPTING RESOLUTIONS NOS. 06-149, 2008-256, AND 2009-269

The assertion of a privilege "may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). "A party, therefore, may not selectively disclose privileged communications that it considers helpful while claiming privilege on damaging communications relating to the same subject." *SNK Corp. of Am. v. Atlus Dream Entm't Co.*, 188 F.R.D. 566, 571 (N.D. Cal. 1999). In other words, "there is an implied choice to the holder of the privilege: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *United States v. Gonzalez*, 669 F.3d 974, 982 (9th Cir. 2012) (internal quotations omitted). "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241 (N.D. Cal. 2015).

For example, in *Apple Inc.*, the court found that Samsung could not assert that certain communications were privileged and simultaneously use the purportedly privileged communications to argue an affirmative defense. *See id.* at 241–42. Likewise, here, the City cannot offer testimony or argument, except as set forth in the administrative record, to justify or defend its decisions on Colony Cove's Year 1 Applications and Year 2 Applications, as set forth in Resolutions Nos. 2008-256 and 2009-269. Throughout discovery, the City asserted that its written staff reports and

resolutions set forth the entire scope of discoverable information regarding why the City changed its rent rules and prohibited Colony Cove from charging rents that were indisputably necessary to operate and maintain the Park. Relying on the deliberative-process privilege, the City refused to let witnesses testify beyond the contents of the staff reports and resolutions. At trial, the City needs to play by the same rules and cannot suddenly have its witness articulate new justifications and theories.

A district court has discretion to preclude evidence and argument based on a party's earlier invocation of a privilege during deposition. *See SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998) ("Moreover, a district court has discretion in its response to a party's invocation of the Fifth [Amendment]."); *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) (affirming district court's preclusion of defendant's testimony at trial based on defendant's earlier invocation of Fifth Amendment privilege during deposition). As the *Nationwide* court noted with respect to the Fifth Amendment privilege:

> Trial courts generally will not permit a party to invoke the privilege against self-incrimination with respect to deposition questions and then later testify about the same subject matter at trial. The Federal Rules of Civil Procedure contemplate . . . full and equal discovery . . . so as to prevent surprise, prejudice and perjury during trial.

*Nationwide*, 541 F.3d at 910 (internal citations and quotations omitted).

Likewise, here, the City should be precluded from offering any evidence, testimony, or argument regarding the City's rationale and motive for adopting Resolutions Nos. 06-149, 2008-256, and 2009-269, except as set forth in the written record, because it invoked the deliberative-process privilege, among others, and directed a key witness not to respond to legitimate deposition questions designed to elicit relevant information regarding its rationale for adopting said resolutions. The City has also failed to produce former Mayor Jim Dear for a deposition noticed by

1  Colony Cove more than two months ago despite the fact that he remains a City
2  employee.
3        The Federal Rules of Civil Procedure "contemplate . . . full and equal
4  discovery . . . so as to prevent surprise, prejudice and perjury" during trial.
5  *Nationwide*, 541 F.3d at 910 (internal quotations omitted).  The City's refusal to
6  allow discovery on its rationale for adopting Resolutions Nos. 06-149, 2008-256,
7  and 2009-269 has greatly hindered Colony Cove's ability to investigate its case.
8  Colony Cove has no other means of obtaining this information.  Allowing the City
9  to offer any evidence, testimony, or argument at trial relating to the City's rationale
10 and motive for adopting these resolutions, except as set forth in the written record,
11 would therefore be highly prejudicial to Colony Cove.

## IV.  CONCLUSION

      For all the foregoing reasons, the Court should issue an order precluding the City from introducing any evidence or argument regarding the City's rationale or motive for adopting Resolutions Nos. 06-149, 2008-256, and 2009-269, except as set forth in the written record.

Dated: February 22, 2016        Respectfully submitted,

GILCHRIST & RUTTER
Professional Corporation

&

O'MELVENY & MYERS LLP

By:  /s/ Matthew W. Close
     Matthew W. Close

Attorneys for Plaintiff
Colony Cove Properties, LLC