RICHARD H. CLOSE (Bar No. 50298)
rclose@gilchristrutter.com
THOMAS W. CASPARIAN (Bar No. 169763)
tcasparian@gilchristrutter.com
YEN N. HOPE (Bar No. 233880)
yhope@gilchristrutter.com
GILCHRIST & RUTTER
Professional Corporation
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401-1000
Telephone: (310) 393-4000
Facsimile: (310) 394-4700

MATTHEW W. CLOSE (Bar No. 188570)
mclose@omm.com
DIMITRI D. PORTNOI (Bar No. 282871)
dportnoi@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Plaintiff Colony Cove
Properties, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY COVE PROPERTIES, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CARSON, a municipal corporation; CITY OF CARSON MOBILEHOME PARK RENTAL REVIEW BOARD, a public administrative body; and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No. CV 14-03242 PSG (PJWx) <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING RELATIVE WEALTH; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hearing:  April 5, 2016 at 9:00 a.m. <br> Courtroom:  880 <br> Judge:  Hon. Philip S. Gutierrez <br> Trial Date:  April 5, 2016 |

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 5, 2016 at 9:00 a.m., Plaintiff Colony Cove Properties, LLC ("Colony Cove") will and hereby does move for the exclusion of evidence on the basis of Federal Rules of Evidence 401, 402, and 403, and a lack of foundation.  Colony Cove believes in good faith that Defendants City of Carson ("Carson") and City of Carson Mobilehome Park Rental Review Board (the "Board," and collectively with Carson, the "City") intend to offer into evidence during trial, set to begin on April 5, 2016, arguments and evidence regarding the relative "wealth" of Colony Cove's owner, James F. Goldstein,[1] compared to that of the residents of the mobilehome park at issue (the "Park") and to assert that residents of the Park cannot afford rent increases.

This Motion is made on the grounds that there is no evidence of Mr. Goldstein's net worth.  Nor is there any evidence of the net worth or income level of the Park residents, and the City's rent-control rules are not based at all on the wealth, net worth, or income of mobilehome park residents.  In fact, the Park, although subject to the City's rent-control rules, does not impose income-based qualifications on residents.  Furthermore, the relative wealth of Mr. Goldstein versus said residents is irrelevant, and any marginal probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, and wasting time.  Finally, privacy rights of Mr. Goldstein and hundreds of park residents preclude any inquiry into these matters.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Matthew W. Close and the exhibits attached thereto, the files in this action, and such additional submissions and argument as

---

[1] James F. Goldstein is President of Goldstein Properties, Inc., which is a general partner of El Dorado Palm Springs, Ltd., which serves as manager of Colony Cove. For purposes of the trial and convenience of the factfinder, Colony Cove refers to Mr. Goldstein as the "owner" of Colony Cove.

1 | may be presented at or before the hearing on this Motion.

2 |    This Motion is made following the conference of counsel pursuant to Local

3 | Rule 7-3 which took place on February 9, 2016.

4

5 | Dated: February 22, 2016     Respectfully submitted,

6 |             GILCHRIST & RUTTER
            Professional Corporation

7

8 |                & 

9 |             O'MELVENY & MYERS LLP

10 |             By: /s/ Matthew W. Close

11 |               Matthew W. Close

12 |             Attorneys for Plaintiff
            Colony Cove Properties, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.     INTRODUCTION

Plaintiff Colony Cove Properties, LLC ("Colony Cove") moves *in limine* to preclude Defendants City of Carson ("Carson") and City of Carson Mobilehome Park Rental Review Board (the "Board," and collectively with Carson, the "City") from introducing evidence and arguments regarding the "wealth" of Colony Cove's owner, James F. Goldstein, relative to that of the residents of the mobilehome park at issue in this litigation (the "Park") or assertions that residents could not afford additional rent increases.  There is no discovery or disclosures in this case regarding Mr. Goldstein's net worth, nor that of the residents of the Park.  Although the Park is subject to the City's rent-control rules, there is no income, wealth, or net-worth qualification to determine residency at the Park or to receive the benefits of the City's rent control.  Because the City applies its rent control to all park residents without regard to any resident's wealth, net worth, or income, the City does not collect or analyze resident wealth, net worth, or income.  This data is not part of the rent-setting process.

Nevertheless, the City has attempted to categorize the Park as "affordable" and the residents as "low-income," while painting Mr. Goldstein as the wealthy owner.  For example, although irrelevant to the issues in this litigation, the City propounded discovery requesting that Colony Cove "state, in as much detail as YOU are able, the actions YOU took, if any, to determine if any residents of THE PARK could *afford* any of the rent increases YOU applied for at THE PARK."  (Ex. 1 at 9 (emphasis added).)[2]  Accordingly, Colony Cove seeks to preclude the City from introducing any evidence and argument regarding Mr. Goldstein's net worth, speculation regarding the Park residents' net worth or income levels, any alleged wealth disparity between Mr. Goldstein and the Park residents, and the

---

[2] All exhibits are attached to the Declaration of Matthew W. Close in Support of Plaintiff's Motions in Limine Nos. 1–8.

1  "affordability" of the Park, as such evidence and argument are irrelevant, lack

2  foundation, and are substantially more prejudicial than probative.  *See* Fed. R. Evid.

3  401, 402, 403.  Such evidence and argument also improperly and unnecessarily

4  invade applicable privacy rights.

5  **II.    RELEVANT BACKGROUND**

6        In April 2006, Colony Cove purchased the Park, Colony Cove Mobile

7  Estates, for more than $23 million.  At the time, Carson's rent-control rules provided

8  for the consideration of debt service (i.e., interest payments on a mortgage) when

9  park owners applied for rent increases.  In fact, in 2003, a Los Angeles Superior

10  Court judge had ordered Carson to consider another park owner's debt service when

11  setting rents because that had been the established practice in the City and was

12  specifically provided for in the City's rent-control regulations ("Order").  Although

13  the City did not appeal that Order (which was indisputably known to and relied on

14  by Colony Cove when it purchased the Park), a few months after Colony Cove's

15  purchase, the City changed its rent-control rules to provide new grounds to ignore

16  debt service payments when setting rents.  The City subsequently disallowed and

17  ignored Colony Cove's debt service when it disposed of the two rent applications

18  giving rise to this case.  In August 2008 and again in July 2009, the City ultimately

19  approved small rent increases that it knew would not allow sufficient income for

20  Colony Cove to pay interest on its mortgage and operate and maintain the Park.  As

21  a result, Colony Cove was forced to operate at approximately $2,000,000 in losses

22  during the two years at issue in this case.  This result was completely unwarranted

23  and unforeseeable since a $200 per month, per space rent increase would have (i)

24  allowed Colony Cove to cover its debt service payments to its lender General

25  Electric Capital Corporation ("GE") and (ii) resulted in rents that were both 20–25%

26  below market levels and comparable to rents charged in other rent-controlled parks

27  in Carson.

28        The question at issue in this litigation is whether the City committed an

PLAINTIFF'S MOT. IN LIMINE NO. 3
CV 14-03242 PSG (PJWx)

1  unconstitutional taking when it abruptly changed its rent-control rules immediately

2  after Colony Cove purchased the Park, and thus required Colony Cove to operate the

3  Park at huge annual losses.  Colony Cove contends that, under the unique

4  circumstances of this case, the City's decision to deny Colony Cove a rent increase

5  sufficient to cover its debt service constitutes a taking under *Penn Central*

6  *Transportation Co. v. New York City*, 438 U.S. 104 (1978), because the City

7  severely interfered with Colony Cove's reasonable, investment-backed expectations

8  and forced Colony Cove to operate at average annual losses exceeding $1 million

9  during the two years covered by this litigation.  Mr. Goldstein's personal net worth,

10  the Park residents' net worth or income levels, any alleged wealth disparity between

11  Mr. Goldstein and the Park residents, and the "affordability" of the Park, are all

12  irrelevant to an analysis of whether the City committed a taking under *Penn Central*.

13  Nevertheless, the City has suggested that it failed to approve the increases

14  requested by Colony Cove and necessary to maintain the Park because the Park

15  residents could not afford a higher increase.  For example, the City propounded

16  discovery wherein it requested that Colony Cove "state, in as much detail as YOU

17  are able, the actions YOU took, if any, to determine if any residents of THE PARK

18  could *afford* any of the rent increases YOU applied for at THE PARK."  (Ex. 1 at 9

19  (emphasis added).)

20  However, there is no evidence in discovery or initial disclosures to indicate

21  the wealth, net income, or net worth of the Park residents.  The City has no such

22  evidence.  The Park, although subject to the City's rent-control rules, does not

23  impose income-based qualifications on residents, and the benefits of the City's rent

24  control applies to all residents of the Park without regard to or inquiry into income,

25  wealth, or net worth.  There is no "affordability" test or analysis.  Moreover, the

26  parties' relative wealth is not a factor for consideration articulated in the City's rent-

27  control rules.  Further, to the extent there is any evidence of the parties' relative

28  wealth, the probative value of such evidence and argument is substantially

3

1  outweighed by the dangers of unfair prejudice, confusing the issues, misleading the

2  jury, and/or undue delay and wasting time.  As such, Colony Cove seeks to preclude

3  the City from introducing any evidence and argument regarding Mr. Goldstein's

4  income, the Park residents' income, any alleged wealth disparity, and the

5  "affordability" of the Park.

**III.  THE CITY SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OR ARGUMENT REGARDING THE PARTIES' RELATIVE WEALTH AND THE "AFFORDABILITY" OF THE PARK**

9       There is no admissible evidence of Mr. Goldstein's net worth, nor is there any

10  admissible evidence of the net worth or income levels of the Park residents.[3]

11  Although the Park is subject to the City's rent-control scheme, there is no wealth or

12  income-based qualification to determine residency at the Park or to qualify for the

13  benefits of controlled, below-market rents.  Moreover, Mr. Goldstein's net worth is

14  irrelevant to the issues in this case and potentially prejudicial to Colony Cove.

15  Likewise, the income levels of the Park's residents are both completely unknown

16  and irrelevant to the issues in the case.

17       Moreover, California law provides for a right of financial privacy in litigation.

18  *See Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999); *see also Valdez v.*

19  *Travelers Indem. Co. of Connecticut*, 2013 WL 3989583, at *5 (N.D. Cal. Aug. 2,

20  2013).  Although this right is subject to balancing the needs of the litigation with the

_____

[3] During the deposition of a former City staff member, Ken Freschauf, Mr. Freschauf alluded to an informal survey regarding resident income that the City may have conducted, but no such survey was produced or disclosed in discovery, counsel for the City was unaware of said survey, and the City has not indicated it will rely on said survey.  (Ex. 5 at 174:12–178:7.)  No wealth evidence was included in the voluminous administrative records that form the basis for the rent decisions challenged in this case.  There is certainly no evidence or indication that any undisclosed, hidden, and ill-described survey was "conducted with proper safeguards to insure accuracy and reliability."  *IGT v. All. Gaming Corp.*, 2008 WL 7084606, at *8 (D. Nev. Oct. 21, 2008).

1   sensitivity of the financial information at issue, *id.*, nothing in this litigation
2   necessitates violating either Mr. Goldstein's right to privacy or that of the Park
3   residents.

4          Finally, any attempts to portray Mr. Goldstein as "wealthy" and the Park
5   residents as "low-income" or in need of "affordable" housing may curry sympathy
6   for the Park residents (and, by extension, the City) and is therefore potentially
7   prejudicial to Colony Cove, particularly where there has been no disclosure or
8   discovery of any admissible evidence on these subjects.  In fact, reference to the
9   "affordability" of the Park or the relative wealth of Mr. Goldstein versus the Park
10  residents is precisely the sort of prejudicial innuendo Federal Rule of Evidence 403,
11  which bars evidence where its "probative value is substantially outweighed by a
12  danger of . . . unfair prejudice," is designed to prevent.

13  **IV.    CONCLUSION**

14         For all the foregoing reasons, the Court should issue an order precluding the
15  City from introducing evidence or argument regarding Mr. Goldstein's income, the
16  Park residents' income, any alleged wealth disparity, and the "affordability" of the
17  Park.

18  Dated: February 22, 2016              Respectfully submitted,

19
20                                         GILCHRIST & RUTTER
                                          Professional Corporation
21                                                    &

22                                         O'MELVENY & MYERS LLP
23
                                          By:___/s/ Matthew W. Close____
24                                              Matthew W. Close

25                                         Attorneys for Plaintiff
26                                         Colony Cove Properties, LLC

27

28