RICHARD H. CLOSE (Bar No. 50298)
rclose@gilchristrutter.com
THOMAS W. CASPARIAN (Bar No. 169763)
tcasparian@gilchristrutter.com
YEN N. HOPE (Bar No. 233880)
yhope@gilchristrutter.com
GILCHRIST & RUTTER
Professional Corporation
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401-1000
Telephone: (310) 393-4000
Facsimile: (310) 394-4700

MATTHEW W. CLOSE (Bar No. 188570)
mclose@omm.com
DIMITRI D. PORTNOI (Bar No. 282871)
dportnoi@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Plaintiff Colony Cove
Properties, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY COVE PROPERTIES, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF CARSON, a municipal corporation; CITY OF CARSON MOBILEHOME PARK RENTAL REVIEW BOARD, a public administrative body; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No. CV 14-03242 PSG (PJWx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING RENT-INCREASE APPLICATIONS FOR YEARS 3–5; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: April 5, 2016 at 9:00 a.m.<br>Courtroom: 880<br>Judge: Hon. Philip S. Gutierrez<br>Trial Date: April 5, 2016 |

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 5, 2016 at 9:00 a.m., Plaintiff Colony Cove Properties, LLC ("Colony Cove") will and hereby does move for the exclusion of evidence on the basis of Federal Rules of Evidence 401, 402, and 403. Colony Cove believes in good faith that Defendants City of Carson ("Carson") and City of Carson Mobilehome Park Rental Review Board (the "Board," and collectively with Carson, the "City") intend to offer into evidence during trial, set to begin on April 5, 2016, arguments and evidence regarding rent-increase applications submitted by Colony Cove on or around September 29, 2009 ("Year 3 Applications"), September 29, 2010 ("Year 4 Applications"), and March 2, 2012 ("Year 5 Applications").

This Motion is made on the grounds that the City moved successfully to have Colony Cove's claims regarding the Year 3 Applications, Year 4 Applications, and Year 5 Applications dismissed from this case. (*See* Dkt. Nos. 12, 25.) As a result, the City's liability in this case is based solely on its decisions with respect to the rent-increase applications Colony Cove submitted on or around September 28, 2007 ("Year 1 Applications") and September 28, 2008 ("Year 2 Applications"). Accordingly, evidence and arguments regarding the Year 3–5 Applications are irrelevant and should be excluded.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Matthew W. Close and the exhibits attached thereto, the files in this action, and such additional submissions and argument as may be presented at or before the hearing on this Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on February 9, 2016.

Dated: February 22, 2016

Respectfully submitted,

GILCHRIST & RUTTER
Professional Corporation

&

O'MELVENY & MYERS LLP

By: /s/ Matthew W. Close
    Matthew W. Close

Attorneys for Plaintiff
Colony Cove Properties, LLC

## I. INTRODUCTION

Plaintiff Colony Cove Properties, LLC ("Colony Cove") hereby submits this motion *in limine* to preclude Defendants City of Carson ("Carson") and City of Carson Mobilehome Park Rental Review Board (the "Board," and collectively with Carson, the "City") from introducing arguments or evidence regarding rent-increase applications submitted by Colony Cove on or around September 29, 2009 ("Year 3 Applications"), September 29, 2010 ("Year 4 Applications"), and March 2, 2012 ("Year 5 Applications"), on the grounds that such information is irrelevant and potentially prejudicial.

The issue in this litigation is whether the City committed an unconstitutional taking when it abruptly changed its rent-control rules immediately after Colony Cove purchased the Park and disallowed Colony Cove's debt service with respect to the rent-increase applications Colony Cove submitted on or around September 28, 2007 ("Year 1 Applications") and September 28, 2008 ("Year 2 Applications"). Originally, Colony Cove sought to include in this case challenges based on the City's disposition of the Year 3 Applications, Year 4 Applications, and Year 5 Applications. The City successfully moved to dismiss from the case any claims based on the Year 3–5 Applications on the ground that those claims were not ripe for adjudication. (*See* Dkt. Nos. 12, 25.) As a result of the City's motion and this Court's Order, the Year 3–5 Applications are not part of the claims or defenses in this case. They are irrelevant.

During the pre-trial meet and confer, Colony Cove was stunned to see that the City's proposed exhibit list included the entire administrative record from the Year 3–5 Applications. Following the pre-trial meet and confer, and the meet and confer on this Motion, Colony Cove still does not understand why the City is trying to include this evidence at trial and what the City intends to show and argue with this evidence. In any event, having successfully moved the Court to dismiss claims relating to the Year 3–5 Applications, the City cannot now overwhelm the jury with

documents and argument about these later years. Any such evidence and argument would be irrelevant, lack foundation, and be substantially more prejudicial than probative. *See* Fed. R. Evid. 401, 402, 403.

## II. RELEVANT BACKGROUND

In April 2006, Colony Cove purchased Colony Cove Mobile Estates (the "Park") for more than $23 million. At the time, Carson's rent-control rules provided for the consideration of debt service (i.e., interest payments on a mortgage) when park owners applied for rent increases. In fact, in 2003, a Los Angeles Superior Court judge had ordered Carson to consider another park owner's debt service when setting rents because that had been the established practice in the City and was specifically provided for in the City's rent-control regulations ("Order"). Although the City did not appeal that Order (which was indisputably known to and relied on by Colony Cove when it purchased the Park), a few months after Colony Cove's purchase, the City changed its rent-control rules to provide new grounds to ignore debt service payments when setting rents. The City subsequently disallowed and ignored Colony Cove's debt service when it disposed of the two rent applications giving rise to this case. In August 2008 and again in July 2009, the City ultimately approved small rent increases that it knew would not allow sufficient income for Colony Cove to pay interest on its mortgage and operate and maintain the Park. As a result, Colony Cove was forced to operate at approximately $2,000,000 in losses during the two years at issue in this case. This result was completely unwarranted and unforeseeable since a $200 per month, per space rent increase would have (i) allowed Colony Cove to cover its debt service payments to its lender General Electric Capital Corporation ("GE") and (ii) resulted in rents that were both 20–25% below market levels and comparable to rents charged in other rent-controlled parks in Carson.

The question at issue in this litigation is whether, under the unique facts of this case, the City committed an unconstitutional taking when it abruptly changed its

rent-control rules immediately after Colony Cove purchased the Park, and thus required Colony Cove to operate the Park at huge annual losses. Colony Cove contends that, under the unique circumstances here, the City's decision to deny Colony Cove a rent increase sufficient to cover its debt service constitutes a taking under *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978), because the City severely interfered with Colony Cove's reasonable, investment-backed expectations and forced Colony Cove to operate at average annual losses exceeding $1 million during the two years covered by this litigation. Colony Cove further claims that it was damaged by the City's decisions.

The City moved successfully to have Colony Cove's claims regarding its Year 3 Applications, Year 4 Applications, and Year 5 Applications dismissed from this case on the ground that those claims are "unripe" because "Colony Cove has yet to exhaust its state court remedies on the [Year 3–5 Applications] Board decisions." (Dkt. No. 12 at 2; *see also* Dkt. No. 25.) As such, the City's liability is solely based on the City's decisions on the Year 1 Applications and the Year 2 Applications, and evidence or arguments regarding the Year 3 Applications, Year 4 Applications, and Year 5 Applications are irrelevant. Furthermore, any probative value to the aforementioned evidence and arguments is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and/or undue delay and wasting time.

### III. THE CITY SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE AND ARGUMENT REGARDING THE YEAR 3–5 APPLICATIONS

Evidence must be excluded if irrelevant or if its probative value is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 402, 403. Here, evidence or arguments regarding the Year 3 Applications, Year 4 Applications, and Year 5 Applications are inadmissible for all these reasons.

       To the extent the City claims the information related to the Year 3–5 Applications is relevant because it goes to the value of the Park, such information is irrelevant because in regulatory takings cases, economic impact is judged at the time of the taking. "Economic impact for a takings analysis is determined by comparing the market value of the property at a moment in time just before the government action with the market value just after the government action." *See Cane Tennessee, Inc. v. United States*, 57 Fed. Cl. 115, 124 (Fed. Cl. 2003) (citing *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 497 (1987)); *Nemmers v. City of Dubuque,* 764 F.2d 502, 504 (8th Cir. 1985) ("Market value should be determined as of the date of the taking[.]"); *Wheeler v. City of Pleasant Grove*, 833 F.2d 267, 271 (11th Cir. 1987); *see also, e.g.*, *United States v. 564.54 Acres of Land, More or Less, Situated in Monroe & Pike Ctys., Pa.*, 441 U.S. 506, 511–13 (1979) (noting that, in eminent domain actions, the court "has employed the concept of fair market value to determine the condemnee's loss" and that "[u]nder this standard, the owner is entitled to receive 'what a willing buyer would pay in cash to a willing seller' at the time of the taking"). The City adopted Resolutions Nos. 2008-256 and 2009-269, disposing of the Year 1 Applications and Year 2 Applications, in August 2008 and July 2009, respectively. The unlawful takings occurred at that time and damages are measured as to the value taken from Colony Cove at that time. These issues are addressed further in Colony Cove's Motion *in Limine* No. 4.

       Finally, to the extent there is any probative value in such evidence and argument, that value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and/or undue delay and wasting time. Introducing arguments or evidence related to the Year 3 Applications, Year 4 Applications, and Year 5 Applications is directly contrary to the Court's Order dismissing Colony Cove's claims with respect to the Year 3–5 Applications (*see* Dkt. No. 25) and would undoubtedly confuse the jury, as they would be forced to hear evidence and arguments on claims that are not before them.

## IV. CONCLUSION

For all the foregoing reasons, the Court should issue an order precluding the City from introducing any evidence or arguments regarding the Year 3 Applications, Year 4 Applications, and Year 5 Applications.

Dated: February 22, 2016

Respectfully submitted,

GILCHRIST & RUTTER
Professional Corporation

&

O'MELVENY & MYERS LLP

By: /s/ Matthew W. Close
    Matthew W. Close

Attorneys for Plaintiff
Colony Cove Properties, LLC