RICHARD H. CLOSE (Bar No. 50298)
rclose@gilchristrutter.com
THOMAS W. CASPARIAN (Bar No. 169763)
tcasparian@gilchristrutter.com
YEN N. HOPE (Bar No. 233880)
yhope@gilchristrutter.com
GILCHRIST & RUTTER
Professional Corporation
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401-1000
Telephone: (310) 393-4000
Facsimile: (310) 394-4700

MATTHEW W. CLOSE (Bar No. 188570)
mclose@omm.com
DIMITRI D. PORTNOI (Bar No. 282871)
dportnoi@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Plaintiff Colony Cove
Properties, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY COVE PROPERTIES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CARSON, a municipal corporation; CITY OF CARSON MOBILEHOME PARK RENTAL REVIEW BOARD, a public administrative body; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. CV 14-03242 PSG (PJWx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6 TO EXCLUDE THE TRIAL COURT FILES FROM THE STATE COURT PROCEEDINGS BETWEEN THE PARTIES AND TESTIMONY REGARDING THOSE LAWSUITS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing: April 5, 2016 at 9:00 a.m.<br>Courtroom: 880<br>Judge: Hon. Philip S. Gutierrez<br>Trial Date: April 5, 2016 |

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 5, 2016 at 9:00 a.m., Plaintiff Colony Cove Properties, LLC ("Colony Cove") will and hereby does move for the exclusion of evidence on the basis of Federal Rules of Evidence 401, 402, and 403. Colony Cove believes in good faith that Defendants City of Carson ("Carson") and City of Carson Mobilehome Park Rental Review Board (the "Board," and collectively with Carson, the "City") intend to offer into evidence during trial, set to begin on April 5, 2016, the trial court files from a series of state court proceedings in Los Angeles County Superior Court between the parties that were filed under California's administrative mandamus proceedings and served to ripen this lawsuit.[1] The State Court Cases related to the rent-increase applications Colony Cove submitted on or around September 28, 2007 ("Year 1 Applications"), September 28, 2008 ("Year 2 Applications"), September 29, 2009 ("Year 3 Applications"), September 29, 2010 ("Year 4 Applications"), and March 2, 2012 ("Year 5 Applications"), and were principally administrative mandamus proceedings.

This Motion is made on the grounds that the State Court Case Files are irrelevant, will unduly prolong trial of this case, and risk substantially confusing the jury as to the issues in this case. Not only has the City moved successfully to have Colony Cove's claims regarding Colony Cove's Year 3–5 Applications dismissed from this case (*see* Dkt. Nos. 12, 25), but the California Court of Appeal has explicitly confirmed, in a published decision, that the State Court Cases were premised solely on California law and has recognized that no federal issues had been litigated. *See Colony Cove Properties, LLC v. City of Carson*, 220 Cal. App. 4th 840, 869 (2013). As such, the underlying State Court Case Files have no bearing on this action, are wholly irrelevant, and should be excluded. And there is

---

[1] Specifically, these are Los Angeles County Superior Court Case Nos. BS124253, BS124776, BS127863, BS132471, and BS140908 (collectively, the "State Court Cases" and the "State Court Case Files").

certainly no reason to permit the City to move the State Court Case Files into evidence in bulk. The jury's role in this case is not to speculate about the legal doctrines and issues that distinguish this federal action from the State Court Cases.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Matthew W. Close and the exhibits attached thereto, the files in this action, and such additional submissions and argument as may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on February 9, 2016.

Dated: February 22, 2016              Respectfully submitted,

                                      GILCHRIST & RUTTER
                                      Professional Corporation

                                                    &

                                      O'MELVENY & MYERS LLP

                                      By:   /s/ Matthew W. Close
                                              Matthew W. Close

                                      Attorneys for Plaintiff
                                      Colony Cove Properties, LLC

## I. INTRODUCTION

Plaintiff Colony Cove Properties, LLC ("Colony Cove") hereby submits this motion *in limine* to preclude Defendants City of Carson ("Carson") and City of Carson Mobilehome Park Rental Review Board (the "Board," and collectively with Carson, the "City") from introducing the trial court files in Los Angeles County Superior Court Case Nos. BS124253, BS124776, BS127863, BS132471, and BS140908, the underlying trial court cases related to the rent-increase applications Colony Cove submitted on or around September 28, 2007 ("Year 1 Applications"), September 28, 2008 ("Year 2 Applications"), September 29, 2009 ("Year 3 Applications"), September 29, 2010 ("Year 4 Applications"), and March 2, 2012 ("Year 5 Applications"), on the grounds that such information is irrelevant and potentially prejudicial.

The issue in this litigation is whether the City committed an unconstitutional taking when it abruptly changed its rent-control rules immediately after Colony Cove purchased the Park and disallowed Colony Cove's debt service with respect to the Year 1 Applications and the Year 2 Applications. Not only has the City moved successfully to have Colony Cove's claims regarding Colony Cove's Year 3–5 Applications dismissed from this case (*see* Dkt. Nos. 12, 25), but the California Court of Appeal has explicitly confirmed, in a published decision, that Colony Cove's trial court actions were premised solely on California law and has recognized that no federal issues had been litigated. *See Colony Cove Properties, LLC v. City of Carson*, 220 Cal. App. 4th 840, 879 (2013). As such, the underlying trial court files on the Year 1–5 Applications have no bearing on this action, are wholly irrelevant, and should be excluded. *See* Fed. R. Evid. 401, 402, 403.

## II. RELEVANT BACKGROUND

In April 2006, Colony Cove purchased the Park, Colony Cove Mobile Estates, for more than $23 million. At the time, Carson's rent-control rules provided for the consideration of debt service (i.e., interest payments on a mortgage) when

park owners applied for rent increases.  In fact, in 2003, a Los Angeles Superior Court judge had ordered Carson to consider another park owner's debt service when setting rents because that had been the established practice in the City and was specifically provided for in the City's rent-control regulations ("Order").  Although the City did not appeal that Order (which was indisputably known to and relied on by Colony Cove when it purchased the Park), a few months after Colony Cove's purchase, the City changed its rent-control rules to provide new grounds to ignore debt service payments when setting rents.  The City subsequently disallowed and ignored Colony Cove's debt service when it disposed of the two rent applications giving rise to this case.  In August 2008 and again in July 2009, the City ultimately approved small rent increases that it knew would not allow sufficient income for Colony Cove to pay interest on its mortgage and operate and maintain the Park.  As a result, Colony Cove was forced to operate at approximately $2,000,000 in losses during the two years at issue in this case.  This result was completely unwarranted and unforeseeable since a $200 per month, per space rent increase would have (i) allowed Colony Cove to cover its debt service payments to its lender General Electric Capital Corporation ("GE") and (ii) resulted in rents that were both 20–25% below market levels and comparable to rents charged in other rent-controlled parks in Carson.

       The question at issue in this litigation is whether the City committed an unconstitutional taking when it abruptly changed its rent-control rules immediately after Colony Cove purchased the Park, and thus required Colony Cove to operate the Park at huge annual losses.  Colony Cove contends that the City's decision to deny Colony Cove a rent increase sufficient to cover its debt service constitutes a taking under *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978), because the City severely interfered with Colony Cove's reasonable, investment-backed expectations and forced Colony Cove to operate at annual losses exceeding $1 million during the two years covered by this litigation.  Colony Cove further

claims that it was damaged by the City's decisions.

The City moved successfully to have Colony Cove's claims regarding its Year 3 Applications, Year 4 Applications, and Year 5 Applications dismissed from this case (*see* Dkt. Nos. 12, 25). As such, the City's liability is solely based on the City's decisions on the Year 1 Applications and the Year 2 Applications. With respect to the Year 1 and 2 Applications, the Court of Appeal explicitly confirmed that Colony Cove's action was premised solely on California law and recognized that no federal issues had been litigated. *See Colony Cove*, 220 Cal. App. 4th at 879. Thus, the trial court files on the Year 1–5 Applications are irrelevant.

Lastly, any probative value to the aforementioned evidence and arguments is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and/or undue delay and wasting time.

## III. THE CITY SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE AND ARGUMENT REGARDING THE YEAR 3–5 APPLICATIONS

Evidence must be excluded if irrelevant or if its probative value is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 402, 403. Here, the trial court files on the litigation concerning the Year 1–5 Applications are inadmissible for all these reasons.

Not only has the City moved successfully to have Colony Cove's claims regarding Colony Cove's Year 3–5 Applications dismissed from this case (*see* Dkt. Nos. 12, 25), but the California Court of Appeal has explicitly confirmed, in a published decision, that Colony Cove's trial court actions were premised solely on California law and has recognized that no federal issues had been litigated. *See Colony Cove Properties, LLC v. City of Carson*, 220 Cal. App. 4th 840, 869 (2013). As such, the underlying trial court files on the Year 1–5 Applications have no bearing on this action, are wholly irrelevant, and should be excluded.

To the extent there is any probative value in such evidence and arguments, that value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and/or undue delay and wasting time.

**IV.   CONCLUSION**

For all the foregoing reasons, the Court should issue an order precluding the City from introducing the underlying trial court files on the Year 1 Applications through Year 5 Applications.

Dated: February 22, 2016                    Respectfully submitted,

                                                  GILCHRIST & RUTTER
                                                  Professional Corporation

                                                          &

                                                  O'MELVENY & MYERS LLP

                                                  By:   /s/ Matthew W. Close
                                                         Matthew W. Close

                                                  Attorneys for Plaintiff
                                                Colony Cove Properties, LLC