ALESHIRE & WYNDER, LLP
SUNNY K. SOLTANI, State Bar No. 209774
  ssoltani@awattorneys.com
JUNE S. AILIN, State Bar 109498
  jailin@awattorneys.com
STEPHEN R. ONSTOT, State Bar No. 139319
  sonstot@awattorneys.com
JEFF M. MALAWY, State Bar No. 252428
  jmalawy@awattorneys.com
MARGARET W. ROSE, State Bar No. 298965
  mrose@awattorneys.com
LARA R. LEITNER, State Bar No. 303162
  lleitner@awattorneys.com
18881 Von Karman Avenue, Suite 1700
Irvine, California 92612
Telephone: (949) 223.1170
Facsimile: (949) 223.1180

Attorneys for Defendants
CITY OF CARSON and CITY OF
CARSON MOBILEHOME PARK
RENTAL REVIEW BOARD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| COLONY COVE PROPERTIES, LLC a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CARSON, a municipal corporation; CITY OF CARSON MOBILEHOME PARK RENTAL REVIEW BOARD, a public administrative body; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. CV14-03242 PSG (PJWx)<br><br>**DECLARATION OF JEFF M. MALAWY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING RENT-INCREASE APPLICATIONS FOR YEARS 3-5**<br><br>[Filed Concurrently with Defendants' Opposition to Plaintiff's Motion in Limine No. 5; Declaration of June S. Ailin; Declaration of June S. Ailin in Support of Expert Report of Peter A. Salomon]<br><br>Date: April 5, 2016<br>Time: 9:00 a.m.<br>Courtroom: 880 - Roybal<br>Judge: Hon. Philip S. Gutierrez |

## DECLARATION OF JEFF M. MALAWY

I, Jeff M. Malawy, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an associate with Aleshire & Wynder, LLP, attorneys of record for Defendants, CITY OF CARSON ("City") and CITY OF CARSON MOBILEHOME PARK RENTAL REVIEW BOARD ("Board"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. This declaration is made in support of Defendants' Opposition to Plaintiff's Motion in Limine No. 5 to Exclude Evidence and Argument Regarding Rent-Increase Applications for Years 3-5.

3. Colony Cove Properties, LLC ("Colony Cove") filed Case No. BS127863 on August 11, 2010 ("Year 3 Litigation"), Case No. BS132471 on June 20, 2011 ("Year 4 Litigation"), and Case No. BS140908 on December 20, 2012 ("Year 5 Litigation") (collectively, "Years 3-5 Cases") in the Los Angeles County Superior Court ("LASC"), which challenged the City of Carson's ("City") Mobilehome Park Rental Review Board ("Board") decisions in 2010, 2011, and 2012, respectively on Colony Cove's rent increase applications. I am counsel of record for the City in the Years 3-5 Cases.

4. On November 7, 2014, Colony Cove appealed the LASC decision in the Year 4 Litigation to the California Court of Appeal – Second Appellate District.

5. Neither I nor any other attorney, authorized agent, or person acting on behalf of the City has stipulated to judgment in any of the Years 3-5 Cases.

6. The Year 3 Litigation was stayed in the LASC. Colony Cove can request to reactivate the case at any time, but has not done so. Attached hereto as Exhibit "A" is a true and correct copy of the "Order Granting Motion to Stay Proceedings" entered in the Year 3 case on October 27, 2010.

7. The Court of Appeal affirmed the LASC judgment for the City in the Year 4 Litigation on January 11, 2016. The deadline to petition the California Supreme Court for review of the Court of Appeal decision was February 22, 2016. Colony Cove did not petition for Supreme Court review. Attached hereto as Exhibit "B" is a true and correct copy of the opinion of the California Court of Appeal in the Year 4 case, issued January 11, 2016, on which the relevant portion has been bracketed in the left hand margin.

8. The Year 5 Litigation has been placed on the "suspend list", i.e. effectively stayed, by verbal order of the Honorable Luis A. Lavin, Judge, on April 9, 2013 in the LASC. Colony Cove can request to reactivate the case at any time, but has not done so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of March, 2016, at Irvine, California.

Jeff M. Malawy

# Exhibit A

85

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 27 2010

John A. Clarke, Executive Officer/Clerk
By A. Fajardo, Deputy
ANNETTE FAJARDO

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF LOS ANGELES

| | |
|---|---|
| COLONY COVE PROPERTIES, LLC, a Delaware limited liability company, | Case No. BS127863 |
| Petitioner, | Assigned for All Purposes To: Dept: 85 |
| vs. | [Filing fees exempt per Govt Code § 6103] |
| CITY OF CARSON, a municipal corporation; and CITY OF CARSON MOBILEHOME PARK RENTAL REVIEW BOARD, a public administrative body; | [PROPOSED] ORDER GRANTING MOTION TO STAY PROCEEDINGS |
| Respondents. | [Filed concurrently with: Notice of Motion and Motion to Stay Proceedings; Declaration of Jeff M. Malawy; Request for Judicial Notice in Support of Motion to Stay Proceedings] |
| | Hearing Date: October 27, 2010<br>Dept.: 85<br>Time: 9:30 am |
| | Petition Filed: August 11, 2010 |

///
///
///
///
///

[PROPOSED] ORDER GRANTING MOTION TO STAY PROCEEDINGS

01007/0057/86349.1

A-4

**[PROPOSED] ORDER**

The Motion to Stay Proceedings by Respondents, City of Carson and City of Carson Mobilehome Park Rental Review Board (collectively, "City"), came on regularly for hearing on October 27, 2010 in Department 85 of the Los Angeles County Superior Court.

Based on the moving, opposition, and reply papers filed by the parties, and the argument made at the hearing,

IT IS HEREBY ORDERED that this case, Case No. BS127863, is stayed pending a Final Decision by the Court of Appeal in *Colony Cove Properties, LLC v. City of Carson, et al.*, Second Appellate District Case No. B227092. For the purposes of this paragraph, "Final Decision" shall mean completion of all appeals in Case No. B227092 and the underlying trial court action, including any rehearing by the Mobilehome Park Rental Review Board ("Board") on remand and a final decision by the Board on the Year 1 and Year 2 Applications (as defined in the moving papers) for which the time for judicial review under Code of Civil Procedure § 1094.5 has expired without any further challenge.

IT IS FURTHER ORDERED that if at some point in time either or both parties choose to proceed with this action and to have the stay lifted, they may file a motion to that effect, or, jointly or separately, file a request for a case management conference.

IT IS SO ORDERED.

Dated: OCT 27 2010

/s/ Robert H. O'Brien
Honorable Robert H. O'Brien
Judge of the Superior Court

-2-
[PROPOSED] ORDER GRANTING MOTION TO STAY PROCEEDINGS

01007/0057/86349.1

A-5

# Exhibit B

Filed 1/11/16

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

COURT OF APPEAL – SECOND DIST.
**FILED**
Jan 11, 2016
JOSEPH A. LANE, Clerk
D. LEE      Deputy Clerk

| COLONY COVE PROPERTIES, LLC, | B260071 |
|---|---|
| Petitioner and Appellant, | (Los Angeles County Super. Ct. No. BS132471) |
| v. | |
| CITY OF CARSON et al., | |
| Respondents and Respondents. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Luis A. Lavin, Judge. Affirmed.

Gilchrist & Rutter, Richard H. Close, Thomas W. Casparian, and Yen. N. Hope for Petitioner and Appellant.

Aleshire & Wynder, William W. Wynder, Sunny K. Soltani, and Jeff M. Malawy for Respondents and Respondents.

B-6

## INTRODUCTION

Plaintiff and appellant Colony Cove Properties, LLC owns a mobilehome park (park) in the City of Carson that is subject to rent control, and made several applications to defendants and respondents the City of Carson (City) and City of Carson Mobilehome Park Rental Review Board (Board) for rent increases. Pursuant to plaintiff's first two applications (years 1 and 2), the Board granted plaintiff rent increases for those years, but less than the amount sought by plaintiff. The court in *Colony Cove Properties, LLC v. City of Carson* (2013) 220 Cal.App.4th 840 (*Colony Cove I*) affirmed the trial court's denial of plaintiff's petitions for writ of mandate regarding those Board decisions.

In September 2010, plaintiff again submitted an application for a rent increase (year 4).[1] The Board granted plaintiff a rent increase, but again it was again less than the amount sought by plaintiff in its application. The trial court denied plaintiff's petition for writ of mandate regarding the Board's decision regarding that application on the ground that plaintiff failed to cite to the administrative record or provide a statement of facts.

Plaintiff appeals from a judgment of dismissal entered after the trial court denied plaintiff's petition. Plaintiff states that although it disagrees with the *Colony Cove I, supra*, 220 Cal.App.4th 840 regarding the applications for years 1 and 2, "it nevertheless acknowledges that it is controlling and dispositive here." By doing so, plaintiff essentially concedes that we should affirm the judgment following the trial court's denial of the petition regarding the Board's decision concerning plaintiff's year 4 application. Plaintiff explains that it cannot dismiss the action and "must [instead] proceed with this appeal in order to exhaust its state court remedies and perfect its federal claims in *Colony Cove Properties, LLC v. City of Carson*, C.D. Cal. Case No. CV 14-03242 PSG (PJWx)" (federal claims). We affirm the judgment.

---

[1] The year 4 application is the subject of this appeal. Plaintiff submitted an application for a rent increase for the third year it owned the park (year 3), but that application is not the subject of this appeal.

2

B-7

# FACTUAL BACKGROUND

### A.  Rent Control Ordinance and Guidelines

In 1979, the City adopted a rent control ordinance for mobilehome park spaces (ordinance), which ordinance is still in effect today. (Carson Mun. Code, § 4700 et seq.; *Colony Cove I, supra*, 220 Cal.App.4th at p. 847.) Under the ordinance, the Board is required to "grant such rent increases as it determines to be fair, just and reasonable"— that is, if the rent increase "protects Homeowners from excessive rent increases and allows a fair return on investment to the Park Owner." (Carson Mun. Code, § 4704(g); *Colony Cove I, supra*, 220 Cal.App.4th at pp. 847-848.)

The City adopted guidelines for the implementation of the ordinance (Guidelines). (*Colony Cove I, supra*, 220 Cal.App.4th at p. 848.) In making its decision on a general rent increase, the Board must consider several factors articulated by the ordinance, as well as any other relevant factors, and no particular factor is to be dispositive. (Carson Mun. Code, § 4704(g); Guidelines, §§ I (C-D); *Colony Cove I, supra*, 220 Cal.App.4th at p. 848.)

In October 2006, the Guidelines were amended to provide that the Board also may consider a "maintenance of net operating income analysis" (MNOI) which compares the net operating income (NOI) from the last rent increase granted to a park owner to the NOI demonstrated in any pending rent increase application. (Guidelines, § II (C); *Colony Cove I, supra*, 220 Cal.App.4th at p. 849.) Under the Guidelines, changes in debt service expenses are not to be considered in the MNOI analysis. (Guidelines, II (C)(2); *Colony Cove I, supra*, 220 Cal.App.4th at p. 849.) The Guidelines further provide that "each rent increase application after the first application is evaluated only on the basis of changes in income, expenses, profit, the CPI [Consumer Price Index], maintenance, amenities and services that have occurred since the date of the last increase approved by the Board." (Guidelines, § I (E).)

B-8

### B. Plaintiff's Year 1 and Year 2 Rent Increase Applications

In 2006 plaintiff purchased the park located in the City for $23,050,000. (*Colony Cove I, supra*, 220 Cal.App.4th at p. 847.) To purchase the park, plaintiff paid $5,050,000, and obtained a purchase money loan of $18,000,000 for the balance. (*Ibid.*) According to plaintiff's appraisal, at the time of purchase the NOI generated by the park was about $1.1 million, and had been similar in the few years prior.

Plaintiff applied to the Board for rent increases in each of its first two years of plaintiff's ownership of the park (i.e., years 1 and 2). (*Colony Cove I, supra*, 220 Cal.App.4th at pp. 850, 859.) Regarding the year 1 application, plaintiff's expert, John Neet, concluded that a $365 rent increase per space per month was necessary for a fair return. Neet reasoned that plaintiff was entitled to a NOI each year equal to 9 percent of its $23,050,000 purchase price (a NOI of $2,074,500 per year), but the park's NOI was only $304,838. Neet's sum of 304,838 for the park's NOI contradicted plaintiff's appraisal that the NOI was about $1.1 million because Neet factored in plaintiff's debt service. (*Id.* at p. 851.) In the alternative, Neet concluded that a $327 rent increase per space per month was necessary for a fair return based on an 11.5 percent per year return on the park owner's equity (i.e., on the $5.05 million down payment) and accounting for plaintiff's debt service. (*Id.* at p. 852.) Another plaintiff expert, Michael St. John, PhD., submitted a MNOI analysis. Using 1978 as the base year, he concluded a $208.22 per space per month rent increase was necessary to bring the park's year 1 NOI to its 1978 level adjusted for inflation. (*Id.* at p. 853.)

Kenneth Baar, Ph.D., the Board's independent expert retained to evaluate plaintiff's expert reports and perform an independent fair return analysis, rejected plaintiff's analysis and recommended a MNOI analysis (which disregards debt service expenses) for determining a fair return. Baar conducted a MNOI analysis, using 2005 as the base year—the year prior to plaintiff's purchase of the park and the year for which the park was last awarded a rent increase. (*Colony Cove I, supra*, 220 Cal.App.4th at p. 855.) Baar stated that to maintain the 2005 NOI, adjusted for inflation, rents would need to be increased by $33.23 if indexed at 50 percent of the CPI, $36.74 at 75 percent of the CPI,

B-9

or $40.27 at 100 percent of the CPI. (*Id.* at pp. 855, 857.) James Brabant, the Board's independent appraisal expert, criticized Neet for using a much lower park NOI to justify a rent increase than plaintiff's appraisal had used to justify the park purchase price, and disagreed with Neet's conclusion that 9 percent represented a reasonable rate of return. (*Id.* at pp. 855-856, 869-870.) The Board granted a $36.74 rent increase based on Baar's MNOI analysis indexed at 75 percent of the CPI. (*Id.* at p. 858.)

Nearly identical expert reports and analyses were presented on plaintiff's rent application in its second year of ownership—year 2. (*Colony Cove I, supra,* 220 Cal.App.4th at pp. 859-861.) The Board again awarded a rent increase using Baar's recommended MNOI analysis indexed at 75 percent of the CPI and using the prior year as the base year. That analysis resulted in a $25.02 rent increase. (*Id.* at pp. 860-861.)

Plaintiff filed petitions for writ of administrative mandate seeking state court review of the year 1 and year 2 Board decisions. (*Colony Cove I, supra,* 220 Cal.App.4th at p. 863.) Plaintiff contended in the petitions that use of MNOI was improper; the only proper base year in a MNOI analysis is the year prior to institution of rent control; 100 percent CPI indexing of the NOI must be used, not 75 percent; and the Board failed to properly consider plaintiff's fair return application. (*Ibid.*)

"[Plaintiff's] petitions included a section entitled 'Reservation of Federal Claims,' which stated: "Under *England* [*v. Medical Examiners* (1964) 375 U.S. 411 [11 L.Ed.2d 440, 84 S.Ct. 461]] and its progeny, [plaintiff] hereby reserves any and all federal claims arising from the facts alleged herein for litigation in federal court and gives notice to all parties and the court that any resolution of state-law issues herein shall not constitute a binding resolution of parallel or related federal issues and shall have no claim or issue preclusion for [appellant's] federal claims. [Citation.]' After the first petition was filed, [defendants] moved to strike the reservation of federal claims. [¶] The [trial] court granted the motion to strike. After [plaintiff] filed the second petition, the parties entered into a stipulation and order, subsequently approved by the court, that the *England* reservation in that petition would be stricken, and that the stipulation and order would have the same impact on [plaintiff's] appellate and federal court rights as if the court had

5

B-10

entered an order striking the reservation after a full contested hearing on the merits." (*Colony Cove I, supra*, 220 Cal.App.4th at pp. 863-864.)

The trial court denied the first petition "on the basis of 'three established legal principles that govern this type of case': '1. There is no single constitutionally required formula which must be used when government seeks to regulate the price charged for a good or service. A governmental entity may choose to regulate pursuant to any fairly constructed formula even though other proper formulas might allow for higher prices. [¶] 2. There is a range of rents which can be charged, all of which could be characterized as allowing a just and reasonable return. [¶] 3. The MNOI . . . approach has been praised by commentators for both its fairness and ease of administration. The [B]oard is not obliged to reject a MNOI analysis just because a historical formula, using the actual cost of acquisition would yield a higher rent increase. [Citation.] [¶] Under the foregoing principles, the landlord cannot insist that a fair return must be calculated on the basis of what it paid for the mobile home park, instead of a MNOI analysis. Nor can the landlord insist that a MNOI analysis must use a pre-rent control base year. The selection of a base year because it was a year in which the then owner of the mobile home park received a rent increase which it did not challenge as unfair, is a rational basis for selecting the base year, and the landlord cannot insist upon another base year, equally reasonable, just because it yields a higher rent increase. [¶] . . . It is the governmental entity that administers the rent control ordinance that gets to choose among proper formulas and use an approach that both protects the tenants from excessive rent increases and allows a fair return on investment to the landlord.'" (*Colony Cove I, supra*, 220 Cal.App.4th at p. 864.)

The trial court approved the parties' stipulation and order that "the decision and judgment entered on the first petition (Year 1) would be adopted as the decision and judgment in the second petition (Year 2) . . . ." (*Colony Cove I, supra*, 220 Cal.App.4th at p. 864.) The trial court "thereafter entered a judgment denying the second petition '[f]or the reasons set forth in the Court's Minute Order [in the proceedings on the first

B-11

petition] . . . .' [Plaintiff] separately appealed the judgments entered on the petitions. The appeals were consolidated." (*Ibid.*)

The court in Division Four of the Second Appellate District affirmed the trial court's denial of the petitions. (*Colony Cove I*, *supra*, 220 Cal.App.4th 840.) Regarding the year 1 application, the court upheld the Board's use of the MNOI method to determine a fair return that did not account for the plaintiff's debt service expenses (*id.* at pp. 866-872); upheld the Board's use of 2005 as a base year in lieu of 1978, the year prior to the institution of rent control (*id.* at pp. 873-876); held that indexing the NOI at 100 percent of the CPI was not required (*id.* at pp. 876-877); and held that maintaining the park's NOI was a proper fair return analysis. (*Id.* at pp. 871-873.) The court noted that plaintiff's own appraisal, rebutted the opinion of plaintiff's expert, Neet, that a 9 percent rate of return on the purchase price was required. (*Ibid.*) For these same reasons, the court upheld the Board's decision on plaintiff's year 2 application. (*Id.* at p. 877.) The court also reversed the trial court's orders striking plaintiff's reservation under *England v. Medical Examiners*, *supra*, 375 U.S. 411 of any federal claims arising from the petitions for litigation in federal court. (*Colony Cove I*, *supra*, 220 Cal.App.4th at pp. 877-881.) The court noted, however, that it reversed the orders despite the fact that "a state court order striking the reservation cannot curb a federal court's jurisdiction . . . ." (*Id.* at p. 879.)

### C. Plaintiff's Rent Increase Application at Issue

In September 2010, plaintiff filed with the City the rent increase application at issue in this case (i.e., the year 4 application). The expert analyses and theories submitted with the year 4 application are essentially the same as those submitted with the year 1 and 2 applications, with updated expense, equity, and CPI figures.

Similar to the applications for years 1 and 2, plaintiff's expert, Neet, opined that plaintiff was entitled to a NOI of 9.75 percent of the purchase price and additional capital contributions since purchase, necessitating a $550.19 rent increase to increase the NOI by $2,660,713. As with the applications for years 1 and 2, Neet provided an alternative

B-12

method again entitling plaintiff to an 11.5 percent return on its equity, which would require a $488.04 rent increase; and St. John performed a MNOI analysis again using 1978, the last year before rent control, as the base year, and concluded a rent increase of $203.70 was required. Plaintiff submitted the same appraisal that was relied on to support the year 1 and 2 applications, using a 4.75 percent capitalization rate based on comparable sales to justify the price it paid to purchase its park.

Baar, the Board's independent expert, criticized Neet's and St. John's approaches for the same reasons as he did regarding the year 1 and 2 applications, and again recommended using the MNOI formula, based on the last year of rent increase as the base year, to determine an appropriate rent increase. Brabant, the Board's independent appraisal expert, criticized Neet's approaches on the same grounds as regarding the applications for years 1 and 2. The Board's staff recommended that the Board not include certain park operating expenses in determining any rent increase.

The Board issued its decision on plaintiff's year 4 application. It accepted its staff's operating expense recommendation; rejected St. John's theory that a MNOI analysis must utilize the last year before rent control as the base year; rejected Neet's rate of return analysis; and awarded plaintiff a $17.83 rent increase based on Baar's recommended MNOI analysis using the last year a rent increase occurred as the base year and 50 percent CPI indexing.

## PROCEDURAL BACKGROUND

Plaintiff filed a petition for writ of administrative mandate and a motion thereon challenging the Board's decision on the year 4 application. In the petition, plaintiff again reserved "any and all federal claims arising from the facts alleged herein for litigation in federal court . . . ."

Plaintiff's motion "acknowledge[d]" that *Colony Cove I, supra,* 220 Cal.App.4th 840 regarding the applications for years 1 and 2 was "controlling and dispositive" in this action; plaintiff alleged in a lawsuit filed in a federal district case that defendants took

8

B-13

plaintiff's property in violation of the Fifth Amendment of the United States Constitution; and plaintiff could not "simply dismiss this action" because to pursue those federal claims it "must exhaust its state court remedies" (citing *Williamson County Reg. Planning Comm'n v. Hamilton Bank of Johnson City* (1985) 473 U.S. 172, superseded by statute on another point as stated in *Sprint Spectrum L.P. v. City of Carmel* (7th Cir. 2004) 361 F.3d 998, 1004). Plaintiff concluded, "Accordingly, while [plaintiff] contests this matter, the only legally appropriate action for the Court to take is to hold that the Court of Appeal's decision in the Year 1 and 2 cases is controlling and dispositive here." Plaintiff submitted the declaration of Kevin Yopp, its attorney of record, outlining the procedural posture of the case.

The trial court issued an order denying plaintiff's petition for writ of mandate, and stated that the order constituted a judgment of dismissal. It disregarded the Yopp declaration in support of plaintiff's motion because it was outside of the administrative record. In denying the petition, the trial court stated that a petitioner seeking administrative mandate has the burden of proof to demonstrate, by citation to the administrative record, the existence of substantial evidence in support of petitioner's position (citing to *South Orange County Wastewater Authority v. City of Dana Point* (2011) 196 Cal.App.4th 1604, 1612); and pursuant to Los Angeles County Local Rules, Rule 3.231(i) each material fact in a party's brief must be supported by citation to the administrative record and a statement of facts is required. The trial court stated that although plaintiff lodged an administrative record consisting of 17 volumes (4,263 pages), it failed to cite to it except to reference the challenged administrative decision. It also did not set forth a statement of facts. The trial court therefore ruled that it could not "determine the basis upon on the weight of the evidence in support of [plaintiffs'] claims. By failing to point the Court to any evidence in the administrative record to support its claims, the presumption of regularity prevails and the petition is denied. [Citations.] It is not the Court's duty to review the 4,263-page record and consider the merits when, as here, [plaintiff] makes no effort to do so. [Citation.]"

9

B-14

## DISCUSSION[2]

The parties agree that *Colony Cove I, supra*, 220 Cal.App.4th 840 is controlling and supports the City's and Board's position. The parties also agree that we should affirm the judgment. Based on those agreements and the grounds set forth by the trial court, we need not discuss further the merits, and we affirm the judgment.

## DISPOSITION

The judgment is affirmed. Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

                                                    MOSK, Acting P. J.

We concur:

        KRIEGLER, J.

        BAKER, J.

---

[2] In its opening brief, plaintiff seeks to incorporate by reference arguments from other briefs in other cases. "It is well established, however, this practice does not comply with rule 8.204(a)(1)(B) of the California Rules of Court, which requires an appellate brief 'support each point by argument and, if possible, by citation of authority.'" (*Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 290, fns. omitted.)

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18881 Von Karman Avenue, Suite 1700, Irvine, CA 92612.

On March 11, 2016, I served true copies of the following document(s) described as **DECLARATION OF JEFF M. MALAWY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING RENT-INCREASE APPLICATIONS FOR YEARS 3-5** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 11, 2016, at Irvine, California.

                                      /s/ Bonnie J. Blythe
                                      Bonnie J. Blythe

**SERVICE LIST**
Colony Cove Properties, LLC v. City of Carson, et al.
Case No. CV14-03242 PSG

| | |
|---|---|
| Richard H. Close, Esq.<br>Thomas W. Casparian, Esq.<br>Yen N. Hope Esq.<br>GILCHRIST & RUTTER<br>1299 Ocean Avenue, Suite 900<br>Santa Monica, CA 90401<br>Tel: (310) 393-4000<br>Fax: (310) 394-4700<br>rclose@gilchristrutter.com<br>tcasparian@gilchristrutter.com<br>yhope@gilchristrutter.com | ***Attorneys for Plaintiff***<br>*Colony Cove Properties, LLC* |
| Dimitri D Portnoi, Esq.<br>Matthew W. Close, Esq.<br>O'Melveny & Myers LLP<br>400 South Hope Street, 19th Floor<br>Los Angeles, CA 90071-2899<br>Tel: (213)-430-6000<br>Fax: (213)-430-6407<br>dportnoi@omm.com<br>mclose@omm.com | ***Attorneys for Plaintiff***<br>*Colony Cove Properties, LLC* |

-2-