RICHARD H. CLOSE (Bar No. 50298)
rclose@gilchristrutter.com
THOMAS W. CASPARIAN (Bar No. 169763)
tcasparian@gilchristrutter.com
YEN N. HOPE (Bar No. 233880)
yhope@gilchristrutter.com
GILCHRIST & RUTTER
Professional Corporation
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401–1000
Telephone: (310) 393-4000
Facsimile: (310) 394-4700

MATTHEW W. CLOSE (Bar No. 188570)
mclose@omm.com
DIMITRI D. PORTNOI (Bar No. 282871)
dportnoi@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071–2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Plaintiff Colony Cove
Properties, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY COVE PROPERTIES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CARSON, a municipal corporation; CITY OF CARSON MOBILEHOME PARK RENTAL REVIEW BOARD, a public administrative body; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. CV 14-03242 PSG (PJWx)<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* NO. 7 TO EXCLUDE ALL TESTIMONY AND DOCUMENTS OF KENNETH K. BAAR**<br><br>Hearing Date: April 26, 2016 at 9:00 a.m.<br>Courtroom: 880<br>Judge: Hon. Philip S. Gutierrez<br>Trial Date: April 26, 2016 |

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION .................................................................................................. 1

II.  ARGUMENT ........................................................................................................ 2

    A.  Dr. Baar is not qualified to opine on the *Carson Gardens* decision or any other legal matter. ................................................................ 2

        1.  Dr. Baar may not opine on *Carson Gardens*. .............................. 3

        2.  Dr. Baar may not opine on other case law. ................................. 7

        3.  Dr. Baar may not opine on the Ordinance or Guidelines. ........... 8

        4.  Dr. Baar may not opine on a chart he cannot authenticate and did not prepare. ................................................................... 9

        5.  Dr. Baar's 2016 opinions should be excluded. .......................... 10

    B.  The Court should exclude testimony concerning Mr. Neet and Dr. St. John, as well as newly disclosed opinions on fair return. ........ 10

III.  CONCLUSION ................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aguilar v. Int'l Longshoremen's Union Local No. 10*,
966 F.2d 443 (9th Cir. 1992) ............................................................................. 3

*Carson Gardens, L.L.C. v. City of Carson Mobilehome Park Rental Review Board*,
135 Cal. App. 4th 856 (2006) ..................................................................... passim

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999) ..................................................................................... 5, 8

*Los Altos El Granada Investors v. City of Capitola*,
139 Cal. App. 4th 629 (2006) ......................................................................... 4

*Martinez v. Davis*,
No. CV 05-5684 ABC (JEMx), 2011 WL 486255 (C.D. Cal. Feb. 4, 2011) ............................................................................................................. 11

*Shore v. Cnty. of Mohave*,
644 F.2d 1320 (9th Cir. 1981) ......................................................................... 9

*United States v. Brodie*,
858 F.2d 492 (9th Cir. 1988), *overruled in part on different grounds by United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997) ................. 3

**RULES**

Fed. R. Civ. P. 26(a)(2) .................................................................................... 11

Fed. R. Civ. P. 26(a)(2)(B) ..................................................................... 10, 11, 12

Fed. R. Civ. P. 26(a)(2)(C) ....................................................................... 2, 10, 12

Fed. R. Evid. 401 ............................................................................................... 2

Fed. R. Evid. 402 ............................................................................................... 2

Fed. R. Evid. 702 ............................................................................................... 7

Fed. R. Evid. 702(a) ...................................................................................... 7, 10

## I. INTRODUCTION

In its opposition to Plaintiff Colony Cove Properties, LLC's ("Colony Cove") motion *in limine* to exclude all testimony and documents of Kenneth K. Baar, Defendants City of Carson ("Carson") and City of Carson Mobilehome Park Rental Review Board (the "Board," and together with Carson, the "City"), do not deny many key arguments made by Colony Cove. Colony Cove argued that Dr. Baar is unqualified to opine on the legal import of regulations and appellate case law, and the City countered only that Dr. Baar has been qualified dozens of times in state court as a financial analyst and economist. Colony Cove argued that interpretation of regulations and case law is exclusively the province of the Court as the expert on the law. The City did not respond. Colony Cove argued specifically that *Carson Gardens, L.L.C. v. City of Carson Mobilehome Park Rental Review Board*, 135 Cal. App. 4th 856 (2006), in particular is not a proper subject for expert testimony. The City did not even mention *Carson Gardens*.

Colony Cove also argued that Dr. Baar's supposed expert opinion, that merely recites the text of the underlying regulations, is unreliable and not helpful to the trier of fact especially because he admittedly based his opinion on a materially incorrect version of the City's rent-control Guidelines. The City did not respond, and instead characterized Dr. Baar's report incorrectly. (Opp. at 6–7.) Colony Cove argued that Dr. Baar's parroting of a chart of previous rent-control decisions prepared by the City itself is not helpful to the trier of fact, since the trier of fact can review the chart itself and Dr. Baar knows no information about the underlying decisions. (Mot. at 8–9.) The City did not respond. The City in particular did not respond to the contention that the chart itself is unreliable and incomplete. (*Id.* at 9.) In sum, Dr. Baar's opinions developed in 2016 do not employ a methodology sufficiently rigorous to survive *Daubert* and *Kumho Tire*, are improper opinions on legal matters, do not relate to any subject matter on which Dr. Baar is or ever has been recognized as an expert, and threaten to involve no more than reading aloud

1 from documents that are entirely within the capability of the jury to understand.

2 With respect to Dr. Baar's fair-return opinion, the City does not deny that Colony Cove is not relying on any fair-return analysis at trial. The City does not deny that Colony Cove is not presenting testimony from James P. Neet, MAI or Dr. Michael St. John, who performed fair-return analyses in 2007 and 2008. Nor does the City deny that Colony Cove's damages calculation is based on the City's own calculations, not Mr. Neet's or Dr. St. John's. Whether Colony Cove's owner, James Goldstein,[1] may have had an expectation of a fair return that would not require the Park to operate at a multi-year, multi-million-dollar loss, he plainly did not rely on the analyses of Mr. Neet or Dr. St. John. The City only responds with a *non sequitur*. The City argues that Dr. Baar is qualified to "present expert testimony on the rents necessary to provide a fair return to a mobilehome park owner." (Opp. at 11.) True or not, pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), Dr. Baar has not disclosed *any* opinion or intent to testify to the "rents necessary to provide a fair return to a mobilehome park owner." (*Id.*) It is too late to disclose one now. As to Mr. Neet and Dr. St. John, the City does not dispute the irrelevance under Federal Rules of Evidence 401 and 402 of any rebuttal to their testimony; the City does not even mention their names. Therefore, this testimony should be excluded.

## II. ARGUMENT

### A. Dr. Baar is not qualified to opine on the *Carson Gardens* decision or any other legal matter.

Plaintiff's motion contends that Dr. Baar is unqualified to, in sum, read from certain California Court of Appeal decisions and administrative regulations and

---

[1] James F. Goldstein is President of Goldstein Properties, Inc., which is a general partner of El Dorado Palm Springs, Ltd., which serves as manager of Colony Cove. For purposes of the trial and convenience of the factfinder, Colony Cove refers to Mr. Goldstein as the "owner" of Colony Cove.

describe to the jury what they say and his interpretations of their intent. This testimony is improper for three reasons.

First, the Court is the expert with regard to legal matters. Dr. Baar's qualification as an urban planner and attorney—even if he is also knowledgeable about rent-control—cannot permit him to supplant the Court's role as expert on legal matters. Most, if not all, of Dr. Baar's opinions purport to inform the factfinder what the law is. (Ex. 17 at 5–14.)[2] Second, Dr. Baar's testimony identifies no particular discipline that he is applying, nor does he demonstrate a reliable basis for the application of that discipline, nor does he demonstrate a particular qualification for the pertinent inquiry. (*Id.*) The City points out that he has testified many times in state court on economic matters concerning rent-setting. (Opp. at 1, 10.) The City points to no instance in which Dr. Baar has testified as to the meaning or import of a Court of Appeal opinion or an administrative regulation and how a reasonable investor might react to such an opinion or regulation. (*Id.*) Third, Dr. Baar's testimony is not *helpful* to the trier of fact, insofar as his supposed "opinion" does no more than parrot quotations from judicial opinions and regulations and conclude that his client should prevail. (Ex. 17 at 1–2, 7–14.)

### 1. Dr. Baar may not opine on *Carson Gardens*.

Matters of law are "inappropriate subjects for expert testimony," *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992), because an expert's role is to "interpret and analyze factual evidence," *United States v. Brodie*, 858 F.2d 492, 496–97 (9th Cir. 1988), *overruled in part on different grounds by United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997). More than one third of Dr. Baar's expert report is devoted to an "analysis" of the *Carson Gardens* decision of the California Court of Appeal. (Ex. 17 at 5–9.) In its

---

[2] All exhibits are attached to the Declaration of Matthew W. Close in Support of Replies in Support of Plaintiff's Motions *in Limine* 1–8.

1  motion, Colony Cove described this portion of Dr. Baar's report as "particularly
2  objectionable" because it involved a "purportedly 'expert' analysis of case law."
3  (Mot. at 4–6.) Dr. Baar speculates that the panel of the Court of Appeal "might
4  have ruled differently" had that procedural posture been different. (Ex. 17 at 7–8.)
5  He also opines that the decision vested some discretion in the Board on remand, by
6  quoting the opinion at length without commentary. (*Id.* at 8–9.)

In its opposition, however, the City does not defend Dr. Baar's opinions on
*Carson Gardens*. The term "*Carson Gardens*" does not even appear in the City's
opposition (Opp. at 7–11), even though Dr. Baar's opinions regarding that case are
the most voluminous and most objectionable part of his report (Ex. 17 at 3–9).[3] In
the absence of any defense of this opinion, it should be excluded. Dr. Baar's
opinions that *Carson Gardens* is not reliable precedent or should be interpreted a
certain way is improper legal testimony.

The City's principal defense of Dr. Baar's testimony more broadly is that
many state courts have admitted his testimony. (Opp. at 8–10.) But in the cases
cited by the City, a party has challenged Dr. Baar's expertise when he provided
"financial analysis" or other work in the capacity of an "accountant or economist."
(*Id.* at 9 (quoting *Los Altos El Granada Investors v. City of Capitola*, 139 Cal. App.
4th 629, 657–58 (2006)).) Even crediting state-court decisions that find that Dr.
Baar's experience as an urban planner and attorney qualify him to provide financial

---

[3] There are two references to "case law" generally in the opposition, but these appear to refer to two other opinions to which Dr. Baar refers. The opposition refers to "California case law at that same time [as Colony Cove purchased the Park] which had held that accounting for debt service expenses when setting rents was not reasonable and had no rational basis." (Opp. at 6, 8 n.5.) *Carson Gardens*, of course, held the opposite; based on the practices of and rent-control Guidelines in Carson, it *required* that the Board employ an "methodology giving due consideration to debt service costs." 135 Cal. App. 4th at 866. The opposition mounts no defense for Dr. Baar's apparent "expert opinion" that Justice Boland in drafting the *Carson Gardens* opinion did not mean what he wrote or that the Court of Appeal order mandating the consideration of debt service was not reasonable or had no rational basis. (Opp. at 7–11.)

analysis, his expertise as a financial analyst does not qualify him to interpret case law and regulations. Under *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the City is required to show a valid connection between the witness's expertise and the pertinent inquiry. *Id.* at 148–49. The City now defends Dr. Baar, not as an urban planner or attorney, but as a financial analyst. But there is no financial analysis in Dr. Baar's description of *Carson Gardens*. Indeed, there is little analysis at all to justify Dr. Baar's conclusion either that the Court of Appeal had a secret wish to "rule[ ] differently" (Ex. 17 at 7–8), or that any Court of Appeal decision like *Carson Gardens* requiring consideration of debt service is "not reasonable or ha[s] no rational basis." (Opp. at 6, 8 n.5.)

Nor does the City explain why his analysis is helpful to the factfinder. The jury is capable of reading the opinion. If the jury needs assistance in understanding how to read a judicial opinion, the Court is more than capable to provide such assistance in its role as expert on the law. Section 1.E of Dr. Baar's opinion provides no actual analysis of *Carson Gardens* that is beyond the ability of a layperson. (Ex. 17 at 5–9.) Dr. Baar lays out the procedural background of the case, which is also set forth in the opinion itself. *Compare id.* at 5–7, *with Carson Gardens*, 135 Cal. App. 4th at 859–66. In the two pages proposing to provide expert opinions about *Carson Gardens*, Dr. Baar only uses 52 words that are not quotations from the opinion. For instance, pages 8–9 of Dr. Baar's report are almost entirely block quotes and lack even a conclusion:

> have ruled differently in regard to whether the Board was required to use a methodology that considered debt service.
>
> > If we were writing on the proverbial clean slate, our analysis of the propriety of the trial court's order would first require an assessment of a fundamental, controlling issue; the meaning of the Carson ordinance, including whether Carson Gardens was entitled to rely on the Board's use of gross profits maintenance methodology in determining a fair return. .... On the other hand, if the ordinance does not require use of that methodology, and does not require the Board to include debt service costs in operating expenses, then the Board was free to use some other method of determining the amount of a rent increase that would provide a fair return. (See Carson Mobilehome Park Owners' Assn. v. City of Carson (1983) 35 Cal.3d. 184, 191 [rent control agencies are not obliged by the state or federal Constitution to fix rents by application of any particular method or formula].)
> >
> > We are not, however, writing on a clean slate. ... by failing to appeal the April 16, 2003 judgment, the Board "waived any right to raise [any] issues" arising out of the judgment. The Board having failed to do so, we cannot now review that issue.[6]
>
> At the same time, the Court of Appeal concluded that while the Board cannot take new evidence, it was not required to apply "any particular formula or methodology without deviation" and that it can make findings "in consonance with its duty under the ordinance to grant an increase that both 'protects Homeowners from excessive rent increases and allows a fair return on investment...'"
>
> > While the Board cannot take new evidence on remand, nothing in the City's ordinance requires the Board to apply any particular formula or methodology without deviation. Indeed, the city's Guidelines specifically state that the gross profits maintenance analysis "is an aid to assist the Board in applying the factors in the Ordinance and is to be considered together with the factors in [the ordinance], other relevant evidence presented and purposes of the Ordinance," and is not intended to create any entitlement to any particular rent increase. Accordingly we see no reason why the Board may not, on the present administrative record, assess the evidence, consider the results of the gross profits maintenance analysis, and make findings as to the appropriate implementation of that analysis – all in consonance with its duty under the ordinance to grant an increase that both "protects
>
> ---
> [6] Carson Gardens, L.L.C. v. City of Carson Mobilehome Park Rental Review Bd. (2006), 135 Cal. App.4th 856, 867.
>
> 8
>
> > Homeowners from excessive rent increases and allows a fair return on investment..." (Mun. Code Sec.4704, subd (g).)[7]
>
> At, another point in its decision, the Court explained that "the Board can exercise discretion on the question of whether passing through the entire amount of debt service costs was necessary to provide a fair return":
>
> > ... the trial court's order sets a rent increase in an amount the Board expressly found would create a "windfall" for Carson Gardens. Moreover, the court itself expressly recognized that, if the Board had used gross profits maintenance analysis "and would have come to the conclusion that not all of it would be passed because it is too excessive and fifty percent would be fair to add, that's one thing." The court, however, could not tell whether allowing 50 percent would amount to a fair return, "because the City did not use that method." Under these circumstances, we think the court was obliged to remand the case once again, so that the Board can exercise discretion on the question of whether passing through the entire amount of debt service costs was necessary to provide a fair return.[8]

(Ex. 17 at 8–9.) Dr. Baar's decision in his report to provide *no* analysis of the *Carson Gardens* opinion and to write *no* conclusion concerning it confirms the fact

that the opinion speaks for itself and requires no expert analysis. Dr. Baar and the City have identified no reliable principles or methods in analyzing *Carson Gardens* and they do not indicate that he has applied such principles and methods reliably to the facts of this case. *See* Fed. R. Evid. 702.

### 2. Dr. Baar may not opine on other case law.

Dr. Baar also opines that California appellate decisions have held that "'[r]ent control agencies are not obliged by either the state or federal Constitution to fix rents by application of any particular method or formula.'" (Ex. 17 at 9.) Dr. Baar applies this principle to debt service in concluding, therefore, that the state and federal constitutions did not require debt service to be considered. (*Id.* at 9–10.) These opinions should be excluded for the same three reasons that opinions regarding *Carson Gardens* should be excluded. First, it is the Court's duty to instruct the jury what is required by the California or federal constitutions, not Dr. Baar's. Second, Dr. Baar is not qualified to opine on the import of case law. His qualification to testify on matters of economics, accounting, appraisal, or finance does not qualify him to instruct the jury on the content of the California or federal constitutions. Third, once again, Dr. Baar's "opinion" is made up almost entirely of quotations from the case law with no analysis or consideration of how Carson's sudden decision to change its Guidelines after Colony Cove's purchase of the Park influence Colony Cove's reasonable, investment-backed expectations. (*See id.*) To the extent these three opinions have evidentiary value, the factfinder can review these quotations without the aid of an expert in financial analysis. Dr. Baar identifies no "specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

Moreover, Dr. Baar does not identify any methodology for his decision to rely on these three cases only. (Ex. 17 at 9–10.) Expert testimony must be excluded if the reasoning or methodology underlying the opinion is not

scientifically valid, or if the methodology cannot properly be applied to the facts. *Kumho Tire*, 526 U.S. at 153–54. To the extent Dr. Baar now presents himself as an expert on cutting and pasting from California case law, he does not identify any methodology for restricting his data set to only three cases. (Ex. 17 at 9–10.) He does not explain why these three specific cases would have a particular impact on Colony Cove's reasonable, investment-backed expectations. (*Id.*) Indeed, neither Dr. Baar nor the City identifies *any methodology at all* that Dr. Baar employed in reaching these opinions. (*Id.* at 1–10; Opp. at 7–11.)

### 3. Dr. Baar may not opine on the Ordinance or Guidelines.

For the same reasons, Dr. Baar may offer no opinion concerning the Ordinance or Guidelines. Dr. Baar's opinion consists merely of a conclusory analysis of misquoted Guidelines.

> **B. The Circumstances in the *Colony Cove* case pointed to a possible limitation or exclusion of the debt service in setting the allowable rent.**
>
> As indicated the Guidelines provided that debt service shall be an allowable factor in determining the permissible rent to the extent the debt service was "**reasonable _in light of the existing rents_**." In this case, the Park Owner expected the Board to consider whether the existing rents were reasonable _in light of the debt service_. However, the Guidelines directed consideration of whether the debt service was reasonable _in light of the existing rents_.
>
> In this case of Colony Cove, claimed that an increase in monthly space rents of $342.46 was required to cover debt service and maintain gross profits (cash flow).[1] Clearly, there was a significant possibility that the purpose in the ordinance of preventing "excessive" increases would be an offsetting factor and that the debt service would not be considered reasonable.

(Ex. 17 at 3.) As Colony Cove pointed out in its motion, this startling misquotation demonstrates the danger of appointing an advocate as expert to read aloud portions of regulations that the factfinder can easily review itself. (Mot. at 8.) The Guidelines provided that debt service "may be an allowable operating expense if the purchase price paid was reasonable in light of the rents allowed under the Ordinance and involved prudent and customary financing practices." (Ex. 15 at 4.) Dr. Baar changed the phrase "rents allowed under the Ordinance" to "in light of the existing rents." In this case, not only is the jury equally able to consider the text of the Ordinance and Guidelines, a factfinder who reviewed the source text would be *more* capable of ascertaining the actual meaning of the Guidelines, rather than a

supposed expert who in his zeal to advocate for his client apparently did not consider the actual text of the Guidelines themselves but instead submitted an expert report that misstated the language of the City's rent-control rules.[4]

### 4. Dr. Baar may not opine on a chart he cannot authenticate and did not prepare.

For similar reasons, Dr. Baar cannot opine on a chart of 33 prior rent-control decisions that he did not create. Dr. Baar notes that in 2004, "the city staff prepared a chart which compared debt service in" 33 rent-control decisions. (Ex. 17 at 3.) The City incorrectly states in opposition that "Dr. Baar reviewed the Board's treatment of debt service expenses for all Carson parks in the decade prior to Colony Cove's purchase." (Opp. at 6–7.) Dr. Baar did no such thing. (Mot. at 9.) The City does not dispute that Dr. Baar pasted the chart created by the City into his report and accepted and adopted the content of that chart. (Ex. 17 at 3.)

The City also does not dispute that Dr. Baar has testified that he conducted no analysis of any underlying decision. (Mot. at 9.) "[E]xpert testimony in the form of an opinion is not needed when the trier of fact can understand the connection between the expert's testimony and the facts of the case." *Shore v. Cnty. of Mohave*, 644 F.2d 1320, 1322 (9th Cir. 1981). Reading aloud from a self-serving document created by one of the two parties is not helpful to the trier of fact. To the extent the chart is probative at all, a percipient witness may present it without Dr. Baar sponsoring it under the cloak of an expert.[5]

---

[4] The City in its opposition does not defend Dr. Baar's analysis of the Guidelines.

[5] Colony Cove also pointed out in its motion that the chart is misleading and not probative because, *inter alia*, it does not distinguish between reasonable, prudent, and customary debt service incurred to purchase a park and debt service that is either unreasonable, imprudent, or not customary, or that was incurred in a cash-out refinancing or a loan for capital improvements—debt transactions that are expressly treated differently under Carson's rent-control regulations than debt service on a loan used to purchase a park. (Mot. at 9 n.4.) The City does not defend the chart, choosing instead to characterize Dr. Baar as having analyzed the applications themselves (Opp. at 6–7), when Dr. Baar's report demonstrates that he merely reviewed a chart created by the City itself (Ex. 17 at 3).

### 5. Dr. Baar's 2016 opinions should be excluded.

In sum, Dr. Baar provides no analysis of case law, regulations, or a chart created by the City that can reasonably be said to "help the trier of fact to understand the evidence." Fed. R. Evid. 702(a). Many of Dr. Baar's opinions concern the law or his spin on judicial decisions. The City's attempt to recast Dr. Baar as an expert in financial analysis is unavailing because his expert report includes no opinions regarding finance. Nor in cherry-picking a few cases without explanation, relying on regulatory language that does not exist, or reviewing a self-serving chart made by a party with no knowledge of the underlying facts, does Dr. Baar apply any methodology that can withstand the scrutiny of *Daubert* or *Kumho Tire*. Thus, Dr. Baar's 2016 opinions should be excluded in their entirety.

### B.    The Court should exclude testimony concerning Mr. Neet and Dr. St. John, as well as newly disclosed opinions on fair return.

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), the City disclosed the following "facts and opinions to which Dr. Baar is expected to testify":[6]

> 3. Dr. St. John's conclusion that a pre-rent control base year must be used in a maintenance of net operating income analysis is not consistent with the Guidelines. Mr. Neet's conclusions about what rate is a fair rate of return on investment are not reasonable.

Colony Cove moved *in limine* to exclude these opinions. (Mot. 12–13.) Colony Cove pointed out that it will not call Mr. Neet or Dr. St. John at trial (and never designated them as experts in this case), and that their analyses, conducted *after* Colony Cove purchased the Park, are irrelevant to Colony Cove's investment-backed expectations at the time of purchase. (*Id.*) Far from relying on Mr. Neet's or Dr. St. John's fair-return analyses, Colony Cove's damages calculations are

---

[6] The first two subjects disclosed by Dr. Baar pursuant to Rule 26(a)(2)(C) overlap entirely with the subject disclosed pursuant to Rule 26(a)(2)(B), and should be excluded for the reasons set forth in Parts III.A–C of Colony Cove's motion, and Part II.A of this reply brief.

"based largely on *the City's* own fair-return calculations in the City staff reports that were part of the rent proceeding." (*Id.* at 13.) Thus, argument concerning Mr. Neet's or Dr. St. John's reports is not relevant to this proceeding and any probative value is substantially outweighed by the danger of confusing the jury.

The City does not respond to this argument. The City disclosed an expert opinion concerning Mr. Neet's and Dr. St. John's analyses. (Ex. 16 at 1.) Colony Cove moved to exclude opinions concerning Mr. Neet's and Dr. St. John's analyses. (Mot. at 12–13.) In opposition, the City *does not mention* Mr. Neet or Dr. St. John. (*See* Opp. at 11–12.) To the extent Dr. Baar intends to testify as to Mr. Neet or Dr. St. John's analyses, therefore, such opinion should be excluded.

The City now seems to be proposing to expand the scope of Dr. Baar's opinions through its opposition brief. The City says that Dr. Baar is qualified "to present expert testimony on the rents necessary to provide a fair return to a mobilehome park owner."[7] (Opp. at 11.) Regardless of his qualifications, such testimony must be excluded because it has never been disclosed. Under Rule 26(a)(2), an expert may not present evidence on matters beyond the scope of what is disclosed. *See* Fed. R. Civ. P. 26(a)(2)(B) ("The [expert's] report must contain[] *a complete statement of all opinions the witness will express* and the basis and reasons for them[.]") (emphasis added); *see also Martinez v. Davis*, No. CV 05-5684 ABC (JEMx), 2011 WL 486255, at *2 (C.D. Cal. Feb. 4, 2011) (prohibiting expert from testifying on matters not discussed or opined on in expert report). The

---

[7] The City's opposition to Colony Cove's Motion *in Limine* No. 8 to Exclude All Testimony and Documents of James L. Brabant, MAI Regarding Any Fair-Return Analysis (Dkt. No. 70) contains a similarly non-sequitur response, arguing that Mr. Brabant's testimony on Mr. Neet's fair-return analysis is somehow relevant because Mr. Brabant's testimony on a different topic—Rob Detling's appraisal of Colony Cove—is relevant (Dkt. No. 80). Taking all the papers together, the City has provided no response to Colony Cove's position that testimony regarding Mr. Neet's or Dr. St. John's fair-return analyses should be excluded.

City disclosed three topics on which Dr. Baar would testify pursuant to Rule 26(a)(2)(C) (Ex. 16 at 1), and during deposition, Mr. Baar confirmed that his testimony in this litigation would be limited to those topics.[8] None of those topics include Dr. Baar's own opinion "on the rents necessary to provide a fair return." (Ex. 16 at 1.) Nothing in the City's report provided pursuant to Rule 26(a)(2)(B) expresses an opinion "on the rents necessary to provide a fair return." (Ex. 17.) Similarly, Dr. Baar's reports created in connection with the rent-control proceedings in 2007 and 2008 involved critical analyses of Mr. Neet's and Dr. St. John's analyses, but include no opinion "on the rents necessary to provide a fair return." (*Compare* Opp. at 11, *with* Exs. 19, 20.) The City never supplemented its disclosures for Dr. Baar or otherwise sought to re-open expert discovery. Because "the rents necessary to provide a fair return" are beyond the scope of what Dr. Baar may testify on, this testimony should be excluded.

### III. CONCLUSION

For the foregoing reasons, and for those set forth in the motion, the Court should grant Colony Cove's motion *in limine* to exclude Mr. Baar's testimony and documents.

Dated: March 31, 2016       Respectfully submitted,

GILCHRIST & RUTTER
Professional Corporation
&
O'MELVENY & MYERS LLP

By:   /s/ Matthew W. Close
           Matthew W. Close

Attorneys for Plaintiff
Colony Cove Properties, LLC

---

[8] (Ex. 18 at 60:7–61:6 ("Is it your understanding that in this litigation, you are to give testimony on these three enumerated topics? A. Yes. . . . Q. Those are the only topics with which you will be giving opinion on regarding the historical analysis of those rent applications? A. That's my understanding.").)