**Exhibit H**

MATTHEW W. CLOSE (Bar No. 188570)
mclose@omm.com
DIMITRI D. PORTNOI (Bar No. 282871)
dportnoi@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071–2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

RICHARD H. CLOSE (Bar No. 50298)
rclose@gilchristrutter.com
THOMAS W. CASPARIAN (Bar No. 169763)
tcasparian@gilchristrutter.com
YEN N. HOPE (Bar No. 233880)
yhope@gilchristrutter.com
GILCHRIST & RUTTER
Professional Corporation
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401–1000
Telephone: (310) 393-4000
Facsimile: (310) 394-4700

Attorneys for Plaintiff Colony Cove
Properties, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY COVE PROPERTIES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CARSON, a municipal corporation; CITY OF CARSON MOBILEHOME PARK RENTAL REVIEW BOARD, a public administrative body; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. CV 14-03242 PSG (PJWx)<br><br>**PLAINTIFF'S REVISED DISPUTED JURY INSTRUCTIONS AND VERDICT FORM (CLEAN SET)**<br><br>Judge: Hon. Philip S. Gutierrez<br>Courtroom: 880<br>Trial Date: April 28, 2016 |

Case 2:14-cv-03242-PSG-PJW Document 219-8 Filed 07/25/16 Page 3 of 101 Page ID
Case 2:14-cv-03242-PSG-PJW Document 177-1 Filed 04/26/16 Page 296 of 310 Page ID
#:6909

# INDEX

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 2 | Claims and Defenses | 9th Cir. 1.2 | 1 |
| 3 | Burden of Proof—Preponderance | 9th Cir. 1.3 | 2 |
| 14 | Judicial Notice | 9th Cir. 2.3 | 3 |
| 20 | Adverse Inference | O'Malley, Fed. Jury Practice and Instructions §§ 104:25–104:26; CACI 204 | 4 |
| 21 | Section 1983 Claim—Introductory Instruction | 9th Cir. 9.1 | 5 |
| 22 | Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy—Elements and Burden of Proof | 9th Cir. 9.4 | 6 |
| 23 | *Penn Central* Regulatory Takings Claim Under 42 U.S.C. § 1983 | Schwartz & Pratt, Section 1983 Litig.: Jury Instructions § 6.03.1; 9th Cir. 9.22 | 8 |
| 25 | Prejudgment Interest | *Schneider v. Cnty. of San Diego*, 285 F.3d 784 (9th Cir. 2002) | 10 |
| | Verdict Form | | 11 |

i

**COURT'S INSTRUCTION NO. 2**
**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Colony Cove Properties, LLC has one claim against Defendants City of Carson and City of Carson Mobilehome Park Rental Review Board. Plaintiff alleges that Defendants effected a taking of Plaintiff's property without just compensation in violation of the Fifth Amendment to the United States Constitution and 42 U.S.C. § 1983. Plaintiff claims that Defendants abruptly changed their rent-control rules and deviated from pre-existing practices immediately after Plaintiff purchased its mobilehome park. Plaintiff claims that it reasonably expected that it would be able to obtain rent increases sufficient to generate income to maintain and operate its mobilehome park, including the payment of interest on its mortgage from General Electric Capital Corporation. Plaintiffs claim that Defendants' change to the rules and practices forced Plaintiff to operate the mobilehome park at a multi-million-dollar loss for multiple years, and above all, interfered with what was a reasonable and distinct investment-backed expectation. Plaintiff has the burden of proving this claim.

Defendants deny this claim.

PL'S REVISED DISPUTED JIS AND
VERDICT FORM (CLEAN SET)
CV 14-03242 PSG (PJWx)
Exhibit H Page 123

**COURT'S INSTRUCTION NO. 3**
**Burden of Proof—Preponderance**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1
2
**COURT'S INSTRUCTION NO. 14**
**Judicial Notice**

3        The court has decided to accept as proved the fact of the historical

4  performance of the S&P 500 stock market index from December 1, 2000, through

5  December 1, 2014, attached hereto as Exhibit A, even though no evidence has been

6  introduced on the subject.  You must accept this fact as true.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

**COURT'S INSTRUCTION NO. 20**
**Adverse Inference**

If a party fails to produce for deposition a person who has knowledge about facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, after being properly served with a deposition notice, then you may infer that the testimony of that person is unfavorable to the party who could have produced the witness but did not.

Plaintiff properly served on Defendants a notice of deposition of Jim Dear, who was the City of Carson's Mayor at the time of the rent applications at issue in this case and who was the City Clerk for Carson when Plaintiff served its deposition notice. Defendants were under a duty to produce Mr. Dear for deposition because, at the time, Mr. Dear was an employee of the City. Defendants failed to produce Mr. Dear for deposition.

Case 2:14-cv-03242-PSG-PJW  Document 219-8  Filed 07/25/16  Page 8 of 101  Page ID
#:6914
Case 2:14-cv-03242-PSG-PJW  Document 174-9  Filed 04/28/15  Page 7 of 11  Page ID #:4039

**COURT'S INSTRUCTION NO. 21**
**Section 1983 Claim—Introductory Instruction**

The plaintiff brings its claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**COURT'S INSTRUCTION NO. 22**
**Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy—Elements and Burden of Proof**

In order to prevail on its § 1983 claim against Defendants alleging liability based on an official policy, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.     Defendants acted under color of law;

2.     The acts of Defendants deprived Plaintiff of its particular rights under the United States Constitution; and

3.     Defendants acted pursuant to an expressly adopted official policy.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Defendants acted under color of law.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by Defendants City of Carson and City of Carson Mobilehome Park Rental Review Board.  The parties have stipulated that Defendants acted pursuant to an expressly adopted official policy.

If you find that Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements it is required to prove under Court's Instruction No. 23, your verdict should be for Plaintiff.  If, on the other hand,

6

Case 2:14-cv-03242-PSG-PJW Document 219-8 Filed 03/25/16 Page 10 of 101 Page ID #:6916

Plaintiff has failed to prove any one or more of these elements, your verdict should be for Defendants.

**COURT'S INSTRUCTION NO. 23**
*Penn Central* **Regulatory Takings Claim Under 42 U.S.C. § 1983**

In general, the government must compensate the owner of private property when it requires a person or persons alone to bear public burdens which, in all fairness, should be borne by the public as a whole. Whether a particular governmental restriction on the use of property requires compensation by the government depends largely upon the particular circumstances of the case.

Under the Fifth Amendment, when the government takes a landowner's property, even if for a public purpose, the government is required to pay the landowner just compensation. To prove Defendants effected a taking without just compensation in violation of the Fifth Amendment, Plaintiff must establish by a preponderance of the evidence that justice and fairness require that the economic injuries caused by Defendants be compensated by the government, rather than remain concentrated on the Plaintiff.

In determining whether the government effected a taking in this case, consider and balance all the circumstances in the case, including:

1.     the character and extent of economic impact of Defendants' action on Plaintiff at the time of the Defendants' action;

2.     the extent and severity of the interference with Plaintiff's reasonable, investment-backed expectations;

3.      the character of the governmental action, and specifically if it forces some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole;

4.      the government interests served by Defendants' actions, and whether the regulation is reasonably necessary to the effectuation of a substantial public purpose;

5.      the allocation of the burden among all taxpayers, i.e., whether a landowner has been singled out; and

6.      whether Defendants' actions were politically motivated.

You may consider the actual, investment-backed expectations of the Plaintiff only to the extent they are "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of the Plaintiff's expectations from the perspective of a reasonable investor in the Plaintiff's position at the time of the investment and not with the 20/20 vision of hindsight.

No single factor is controlling and Plaintiff does not need to establish each of these factors to prevail.  These are the relevant factors and circumstances that you should consider when deciding if Plaintiff has established by a preponderance of the evidence that a taking occurred.

PL'S REVISED DISPUTED JIS AND
VERDICT FORM (CLEAN SET)
CV 14-03242 PSG (PJWx)
Exhibit H Page 131

Case 2:14-cv-03242-PSG-PJW Document 219-8 Filed 07/25/16 Page 13 of 101 Page ID #:6949

## COURT'S INSTRUCTION NO. 25
**Prejudgment Interest**

In a takings case, the defendants are obligated to pay prejudgment interest as part of the constitutionally required just compensation. Given the delay in time between the taking and the payment of compensation following trial, prejudgment interest is a measure that serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress.

To determine the appropriate rate of prejudgment interest when payment of just compensation is delayed, you must examine what a reasonably prudent person investing funds so as to produce a reasonable return while maintaining safety of principal would receive. You should apply an interest rate based on evidence of the rate that would be generated by investment in a diverse group of securities, including treasury bills.

# **VERDICT FORM**

We, the jury empanelled in this case, answer the questions submitted to us as follows:

## **Regulatory Takings Claim**

1.     Did Defendants City of Carson's and City of Carson Mobilehome Park Rental Review Board's (collectively, "Defendants") decisions with respect to Plaintiff Colony Cove Properties, LLC's ("Plaintiff") rent-increase application submitted in September 2007 ("Year 1") and/or its rent-increase application submitted in September 2008 ("Year 2") constitute a regulatory taking without just compensation in violation of the Fifth Amendment to the United States Constitution?

**Answer:**          YES _____                    NO _____

**If your answer to Question 1 is YES, then answer Questions 2 and 3.  If your answer to Question 1 is NO, stop here, answer no further questions, and have the presiding juror sign and date this form.**

2.     What amount of just compensation, before prejudgment interest, is due Plaintiff as a result of Defendants' actions?

**Answer:**          $_____

3.     What prejudgment interest rate is Plaintiff entitled to?

**Answer:**          _____%

PL'S REVISED DISPUTED JIS AND
VERDICT FORM (CLEAN SET)
CV 14-03242 PSG (PJWx)

Exhibit H Page 133

**(INSTRUCTION:  You are now at the end of the verdict form.  Please verify that you have answered all of the questions.  If so, please have the presiding juror sign and date the verdict form and advise the [marshal] [bailiff] that you have reached a verdict.)**

DATED this _____ day of _____, 2016.


_____

                      Presiding Juror

1

2     Dated: April 28, 2016                    Respectfully submitted,

3                                              GILCHRIST & RUTTER
                                               Professional Corporation
4
                                                         &
5
                                               O'MELVENY & MYERS LLP
6
                                               By:    /s/ Matthew W. Close
7                                                       Matthew W. Close

8
                                               Attorneys for Plaintiff
9                                              Colony Cove Properties, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PL'S REVISED DISPUTED JIS AND
VERDICT FORM (CLEAN SET)
CV 14-03242 PSG (PJWx)

# EXHIBIT A

) \ = O # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW Document 174-1 Filed 04/28/16 Page 9 of 891 Page ID #:4650

) \ = O # † ° #

d₁ = h

$$d_1 = h$$

Case 2:14-cv-03342-PSG-PJW Document 174-1 Filed 04/26/16 Page 4 of 81 Page ID #:4695

$$ \mathbf{)} \qquad \mathbf{\backslash} \qquad = \qquad \mathbf{O} \qquad \# \qquad \dagger \qquad {}^{\circ}\#$$

$$\mathbf{d1} = \mathbf{h}$$

Case 2:14-cv-08342-PSG-PJW Document 174-1 Filed 04/26/16 Page 25 of 89 Page ID #:4650

) \ = O # † ° #

d̸ = h

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 10 of 105   Page ID
#:4697

) \\ = O # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 27 of 95   Page ID #:4693

) \ = O # † ° #

d1 = h

Case 2:14-cv-08242-PSG-PJW   Document 121-8   Filed 04/28/16   Page 12 of 85   Page ID
#:4697

**)**     **\\**     **=**     **O**     **#**     **†**     **° #**

**d1  =      h**

Case 2:14-cv-03242-PSG-PJW Document 174-3 Filed 04/28/16 Page 3 of 105 Page ID #:4980

$$) \qquad \backslash \qquad = \qquad \mathbf{O} \qquad \# \qquad \dagger \qquad ° \; \#$$

$$d1 = h$$

Case 2:14-cv-08242-PSG-PJW   Document 212-8   Filed 04/28/16   Page 4 of 105   Page ID
#:4687

**)**     **\**     **=**     **O**     **#**     **†**     **° #**

**d1  =     h**

Case 2:14-cv-03242-PSG-PJW Document 174-9 Filed 04/28/16 Page 15 of 105 Page ID #:4662

$$) \qquad \setminus \qquad = \qquad \mathbf{O} \qquad \# \qquad \dagger \qquad ° \# $$

$$d_1 = h$$

Case 2:14-cv-03242-PSG-PJW   Document 219-8   Filed 07/25/16   Page 32 of 101   Page ID
#:6933
Case 2:14-cv-03242-PSG-PJW   Document 127-8   Filed 04/28/16   Page 76 of 95   Page ID
#:4883

) \ = O # † ° #

di = h

) \ = O # † ° #

d1 = h

Case 2:14-cv-08242-PSG-PJW Document 174-8 Filed 04/28/16 Page 13 of 95 Page ID #:4969

Case 2:14-cv-08242-PSG-PJW   Document 212-8   Filed 04/28/16   Page 5 of 95   Page ID #:4966

) \_\_\_\_    \ \_\_\_\_    = \_\_\_    **O** \_\_\_    # \_\_\_    † \_\_\_    ° # \_\_\_

**d1** = **h**

Case 2:14-cv-08242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 20 of 105   Page ID #:4967

) \_\_\_\_     \\ \_\_\_\_     = \_\_\_     **O** \_\_\_     # \_\_\_     † \_\_\_\_     ° # \_\_\_\_

**d** = **h**

) ＼ = O # † ° #

dt = h

Case 2:14-cv-08242-PSG-PJW   Document 217-8   Filed 04/28/16   Page 22 of 105   Page ID
#:4569

) \ = O # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW Document 174-8 Filed 04/28/16 Page 23 of 85 Page ID #:4975

) \ = O # † ° #

d = h

Case 2:14-cv-03242-PSG-PJW Document 214-8 Filed 04/28/16 Page 25 of 95 Page ID #:4972

) \ = O # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 26 of 85   Page ID #:4073

）　　　\　　　＝　　　Ｏ　　＃　　　†　　　° ＃

**d1 ＝　　h**

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 27 of 85   Page ID
#:4979

)     \     =     O     #     †     ° #

d1 = h

Case 2:14-cv-08242-PSG-PJW Document 217-8 Filed 04/28/16 Page 23 of 45 Page ID
#:4870

） ＼ ＝ **O** # † ° #

d1 ＝ h

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 50 of 105   Page ID
#:4677

Case 2:14-cv-03242-PSG-PJW Document 174-9 Filed 04/28/16 Page 91 of 105 Page ID #:4678

) \ = O # † ° #

d1 = h

Case 2:14-cv-08242-PSG-PJW Document 174-8 Filed 04/28/16 Page 32 of 95 Page ID #:4874

) \ = **O** # † ° #

**d1 = h**

Case 2:14-cv-03242-PSG-PJW Document 217-9 Filed 04/28/16 Page 93 of 95 Page ID #:4880

) \ = O # † ° #

d1 = h

) \ = **O** # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 35 of 85   Page ID
#:4652

) \ = O # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 36 of 95   Page ID #:4583

**d1 = h**

Case 2:14-cv-08242-PSG-PJW Document 217-8 Filed 04/28/16 Page 37 of 95 Page ID #:4684

**)**     **\**     **=**     **O**     **#**     **†**     **° #**

**d1 = h**

) \ = O # † ° #

d1 = h

Case 2:14-cv-08242-PSG-PJW   Document 219-8   Filed 07/25/16   Page 55 of 101   Page ID
#:6961
Case 2:14-cv-08242-PSG-PJW   Document 214-8   Filed 04/28/16   Page 55 of 95   Page ID
#:4983

**)** **\** **=** **O** **#** **†** **° #**

**d1 = h**

d1 = h

**)**     **\**     **=**     **O**     **#**     **†**     **° #**

**d i = h**

Case 2:14-cv-03242-PSG-PJW   Document 217-8   Filed 04/28/16   Page 42 of 85   Page ID #:4967

) \ = O # † ° #

d = h

) \ = O # † ° #

d1 = h

**)** \_\_\_\_   \\_\_\_\_   =\_\_   **O**\_\_   #\_\_   †\_\_\_   ° #\_\_\_\_

**d1 =      h**

Case 2:14-cv-03242-PSG-PJW Document 171-8 Filed 04/28/16 Page 76 of 105 Page ID #:4993

$$ ) \qquad \backslash \qquad = \qquad O \qquad \# \qquad \dagger \qquad ° \# $$

$$ d1 \quad = \quad h $$

Case 2:14-cv-03242-PSG-PJW   Document 214-8   Filed 04/28/16   Page 63 of 95   Page ID
#:4994

)        \        =        O        #        †        ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 48 of 85   Page ID #:4870

) \ = O # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW   Document 217-8   Filed 04/28/16   Page 65 of 105   Page ID #:4876

) \ = O # † ° #

d† = h

) \ = O # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW   Document 217-8   Filed 04/28/16   Page 67 of 95   Page ID #:4678

)⎽⎽   \⎽⎽   =⎽   O⎽   #⎽   †⎽   ° #⎽

$$dt = h$$

) \ = O # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW   Document 174-3   Filed 04/28/16   Page 93 of 95   Page ID
#:4775

) \ = O # † ° #

d1 = h

)      \      =      O      #      †      ° #

d1  =      h

)    \    =    O    #    †    °  #

d =    h

Case 2:14-cv-08242-PSG-PJW Document 174-8 Filed 04/28/16 Page 56 of 85 Page ID #:4703

) \ = O # † ° #

d1 = h

$$) \qquad \backslash \qquad = \qquad \mathbf{O} \qquad \# \qquad \dagger \qquad ° \# $$

$$d_1 = h$$

) \ = O # † ° #

d1 = h

$$d_1 = h$$

Case 2:14-cv-03242-PSG-PJW   Document 217-8   Filed 04/28/16   Page 71 of 95   Page ID
#:4703

)    \    =    **O**    #    †    ° # 

**d1** =    **h**

Case 2:14-cv-03242-PSG-PJW   Document 217-8   Filed 04/28/16   Page 62 of 85   Page ID #:4909

) \ = **O** # † ° #

d1 = h

Case 2:14-cv-08242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 63 of 85   Page ID #:4945

) \ = O # † ° #

**d1 = h**

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 84 of 105   Page ID
#:4916

) \_\_\_\_    \ \_\_\_\_    = \_\_\_    **O** \_\_\_    # \_\_\_    † \_\_\_    ° # \_\_\_

d1 = h

Case 2:14-cv-03242-PSG-PJW Document 174-1 Filed 04/28/16 Page 65 of 105 Page ID
#:4982

) \ = O # † ° #

d¹ = h

Case 2:14-cv-03242-PSG-PJW Document 174-8 Filed 04/28/16 Page 86 of 105 Page ID #:4913

**d1 =** **h**

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 87 of 105   Page ID
#:4934

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 83 of 105   Page ID
#:4973

) \ = O # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW Document 174-8 Filed 04/28/16 Page 85 of 95 Page ID #:4916

d1 = h

$$ ) \qquad \backslash \qquad = \qquad \mathbf{O} \qquad \# \qquad \dagger \qquad ° \# $$

$$ \mathbf{d_1} \; = \; \mathbf{h} $$

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 72 of 85   Page ID #:5914

Case 2:14-cv-03242-PSG-PJW Document 174-5 Filed 04/28/16 Page 73 of 95 Page ID
#:4725

) \ = O # † ° #

di = h

Case 2:14-cv-03242-PSG-PJW Document 174-8 Filed 04/28/16 Page 74 of 85 Page ID #:4721

**)**    **\**    **=**    **O**    **#**    **†**    **° #**

**d** = **h**

) \ = O # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW   Document 217-8   Filed 04/28/16   Page 97 of 95   Page ID
#:4724

) \ = O # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW Document 174-8 Filed 04/28/16 Page 78 of 95 Page ID #:4006

) \ = O # † ° #

d1 = h

) \ = O # † ° #

**d1** = **h**

Case 2:14-cv-03342-PSG-PJW   Document 219-8   Filed 07/25/16   Page 96 of 101   Page ID
#:4002
Case 2:14-cv-03342-PSG-PJW   Document 174-8   Filed 04/28/16   Page 86 of 95   Page ID
#:4002

Case 2:14-cv-03242-PSG-PJW   Document 174-8   Filed 04/28/16   Page 91 of 95   Page ID
#:4928

) \ = O # † ° #

d1 = h

Case 2:14-cv-03242-PSG-PJW   Document 174-5   Filed 04/28/16   Page 83 of 95   Page ID
#:4005

) \ = O # † ° #

**d1 = h**

Case 2:14-cv-03242-PSG-PJW Document 174-1 Filed 04/28/16 Page 84 of 89 Page ID #:4795